J-S19034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINA VANSYCKEL | : | |
| | : | |
| Appellant | : | No. 1777 MDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005912-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINA VANSYCKEL | : | |
| | : | |
| Appellant | : | No. 1778 MDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004422-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINA VANSYCKEL | : | |
| | : | |
| Appellant | : | No. 1779 MDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005910-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

J-S19034-17

|  |  |  |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINA VANSYCKEL | : | |
| | : | |
| Appellant | : | No. 1780 MDA 2016 |

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005911-2015

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 23, 2017**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County following Appellant's open guilty plea to the following charges: docket number CP-06-CR-4422-2015-three counts of criminal conspiracy (to commit burglary); docket number CP-06-CR-5910-2015-one count of criminal conspiracy (to commit burglary); CP-06-CR-5911-2015-one count of burglary; and CP-06-CR-5912-2015-one count of burglary.[1]   In addition to this appeal, appellate counsel has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602

---

[1] 18 Pa.C.S.A. § 903 (conspiracy) and 18 Pa.C.S.A. § 3502(a)(2) (burglary). The docket numbers were consolidated in the trial court.

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Pa. 159, 978 A.2d 349 (2009). After a careful review, we affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history are as follows: Following her arrest, Appellant, who was represented by the public defender's office, entered a guilty plea to the above charges on September 28, 2016. At the guilty plea colloquy, Appellant admitted that she entered unoccupied residences in Reading, PA, with the intent to commit a crime therein, and on several different occasions, she conspired with Crystal Roarke, Patrick McDonough, and Adam Greenawalt to commit burglary of additional residences in Reading, PA.

After finding Appellant had knowingly and voluntarily tendered her guilty pleas, the trial court proceeded to sentencing. At the hearing, the Commonwealth noted Appellant's prior record score is that of an RFEL. N.T., 9/28/16, at 10. The Commonwealth further noted:

> The offense gravity score for burglary in Docket 5912 of 2015, Count 2, is a 7, making the standard range 35 to 45, plus or minus 6.
>
> In Docket 4422 of 2015, Count 1, 2, and 3, all conspiracy to commit burglaries, the offense gravity score is a 6, making the standard range 24 to 36, plus or minus 3.
>
> In regards to Docket 5910 of 2015, Count 1, conspiracy to commit burglary, the offense gravity score is again a 6, making the standard range 24 to 36, plus or minus 3.
>
> In docket 5911 of 2015, Count 2, burglary, the offense gravity score is a 7, making the standard range 35 to 45, plus or minus 6.

- 3 -

*Id.* at 10-11. The Commonwealth provided the trial court with its sentencing recommendations, which it characterized as "bottom-of-the standard-range" sentences. *Id.* at 12. The Commonwealth further noted the residents of five homes were "affected by the crimes committed by [Appellant]." *Id.* at 18.

The trial court indicated that it had reviewed a pre-sentence investigation report, and defense counsel acknowledged that the Commonwealth's recitation of the prior record score and standard range sentences was correct. *Id.* at 13. Defense counsel noted that Appellant was presently employed at Grab-a-Cab, and although Appellant had prior theft and burglary charges, she had been "crime-free, arrest-free" for the "last decade." *Id.* at 13-14. Defense counsel informed the trial court that Appellant has "severe health problems," takes prescription medications, and "is in the final stages of COPD." *Id.* at 14. Defense counsel expressed the belief that a lengthy prison sentence could limit Appellant's lifespan due to her disease and the diminished health care available in prison settings. *Id.*

Additionally, defense counsel provided the trial court with letters from Appellant's stepchild, fiancé, co-workers, and employers, all of whom expressed Appellant is a pleasant person willing to help others. *Id.* at 15. Further, defense counsel noted that Appellant volunteers at the Humane Society, she adopted a sick animal, and she is not the "mastermind" behind the crimes at issue. *Id.* at 15-16.

As to the nature of the crimes, defense counsel noted the subject homes were "vacant or for sale," and it was apparent that the criminal participants did not wish to encounter or hurt anyone during the crimes. *Id.* at 16. In light of the aforementioned, defense counsel sought house arrest or some type of intermediate punishment for Appellant.

The trial court gave Appellant an opportunity to make a statement, and she stated: "I'm really not a violent person. I met Crystal and Pat through my job. And that was the wrong decision. I just really don't want to die in prison. I don't have three years." *Id.* at 17. Appellant also noted that she cooperated with the police. *Id.* at 18.

At the conclusion of the hearing, the trial court indicated:

> All right. I have taken the time to read all of the letters, and I've taken into consideration what your counsel has represented. I appreciate the fact that you have some health challenges right now, but the fact of the matter is, you crossed the threshold of a home, you know, the sanctity of someone else's hard work. I find burglary to be one of the most offensive crimes for that fact, but—and I will tell you, initially my intention was to even go beyond the Commonwealth's recommendation. That's how strongly I felt about the facts of this case.

*Id.* at 19.

The trial court then imposed the following sentences: docket number CP-06-CR-5912-2015, thirty-five months to ninety months in prison for burglary, to be followed by five years of probation; docket number CP-06-CR-4422-2015, two years to four years in prison for each count of conspiracy, the sentences to run concurrently to each other and to the

sentence for docket number CP-06-CR-5912-2015; docket number CP-06-CR-5910-2015, two years to four years in prison for conspiracy, the sentence to run concurrently to the sentence for docket number CP-06-CR-5912-2015; and docket number CP-06-CR-5911-2015, thirty-five months to ninety months in prison for burglary, the sentence to run concurrently to the sentence for docket number CP-06-CR-5912-2015.

The trial court specifically noted that its first inclination was to impose the sentences consecutively; however "based on the words of [defense] counsel, and the letters submitted [on Appellant's behalf], and [Appellant's] health," the trial court "reassessed" its initial inclination, thus imposing the sentences concurrently. *Id.* at 23.

Appellant filed a timely, counseled motion seeking the modification of her sentence,[2] which the trial court denied. This timely, counseled appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b)

---

[2] Under Pa.R.Crim.P. 720(A)(1), "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Here, the tenth day fell on Saturday, October 8, 2016, and thus, generally in order to be timely, Appellant would have been required to file her post-sentence motion on Monday, October 10, 2016. However, in this case, Monday was a legal holiday, and thus, Appellant timely filed her post-sentence motion on Tuesday, October 11, 2016. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

statement, appellate counsel filed a statement of intent to file an *Anders* brief in accordance with Pa.R.A.P. 1925(c)(4), and the trial court filed a brief statement in lieu of an opinion. Thereafter, appellate counsel filed a petition to withdraw and submitted an *Anders*/*Santiago* brief.

When faced with a purported *Anders* brief, this Court may not review the merits of the issues raised therein without first passing on the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted).

Instantly, counsel provided a summary of the history of the case, referred to anything in the record that counsel believed arguably supports the appeal, set forth her conclusion that the appeal is frivolous, and stated in detail her reasons for so concluding. Moreover, counsel has provided this Court with a copy of the letter, which counsel sent to Appellant informing her of her right to retain new counsel, proceed *pro se*, or raise any points Appellant deems worthy of this Court's attention.[3] Accordingly, we conclude counsel has substantially complied with the requirements of **Anders** and **Santiago**. We, therefore, turn to the issue of arguable merit counsel presented in her **Anders** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179 (Pa.Super. 2016).

Appellant challenges the discretionary aspects of her sentence. Specifically, she avers her individual sentences were manifestly excessive given the fact the trial court focused on the gravity of the offenses and the impact to the victims without consideration of Appellant's rehabilitative needs in accordance with 42 Pa.C.S.A. § 9721(b). She further avers the trial court did not adequately state its reasons on the record for the imposition of her sentences as required by Section 9721(b).

_____

[3] Appellant has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

Here, Appellant filed a timely notice of appeal and a timely post-sentence motion in which she preserved her discretionary aspect of sentencing claims. Further, counsel included a separate Pa.R.A.P. 2119(f) statement in her ***Anders*** brief. As to whether Appellant has presented a substantial question, we note the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation, quotation marks, and quotation omitted).

"This Court has previously found a substantial question to be raised where an appellant alleged that the sentencing court...failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of appellant[.]" ***Commonwealth v. Serrano***, 150 A.3d 470, 473 (Pa.Super. 2016) (citation omitted). "[Further,] [t]he failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question." ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa.Super. 2009) (citation omitted). Accordingly, we find that Appellant has raised a substantial question and will proceed to review the merits of her claims.

It is well-settled that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4)

the guidelines promulgated by the commission. **See** 42 Pa.C.S.A. § 9781(d)(1)–(4).

A sentence may be found to be unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" **Commonwealth v. Walls**, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Moreover, "a trial court is required to state its reasons for the sentence on the record." 42 Pa.C.S. § 9721(b). "This requirement can be satisfied by the trial court indicating, on the record, that it has been informed by a pre-sentence report." **Commonwealth v. Coss**, 695 A.2d 831, 834 (Pa.Super. 1997) (citation omitted).

Where the sentencing court imposed standard-range sentences with the benefit of a pre-sentence investigation report, we will not consider the sentence excessive. **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa.Super. 2011). Under such circumstances, "we can assume the sentencing court was aware of relevant information regarding the

defendant's character and weighed those consideration along with mitigating statutory factors." *Id.* at 298 (quotation marks and quotation omitted).

Here, the trial court was provided with information regarding the applicable sentencing guidelines, and as appellate counsel notes, Appellant's individual sentences, which were imposed concurrently, are in the standard range of the guidelines. Because the trial court reviewed Appellant's pre-sentence investigation report, we assume the sentencing court took into account the mitigating circumstances presented by Appellant, as well as her rehabilitative needs. *Id.* Moreover, the trial court explicitly indicated it considered the letters presented in support of Appellant, as well as her health issues; however, in light of the intrusive nature of Appellant's crimes and her past history of theft crimes, the trial court concluded the sentence imposed was necessary. We find no abuse of discretion and conclude Appellant's sentencing issues are meritless.

For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw her representation.

Judgment of Sentence Affirmed. Petition to Withdraw as Counsel Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2017