J-S69023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SERRANO | : | |
| | : | No. 564 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence March 10, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000099-2011

BEFORE:   BOWES, J., RANSOM, J., and STEVENS, P.J.E. *

MEMORANDUM BY RANSOM, J.:                    FILED NOVEMBER 28, 2017

Appellant, Michael Serrano, appeals from the judgment of sentence of an aggregate term of eight years nine months to seventeen and one-half years of incarceration, followed by twenty years of probation imposed March 10, 2017, following remand from this Court for resentencing.  We affirm.

In October 2011, following a jury trial, Appellant was convicted of delivery of a controlled substance,[1] possession with intent to deliver a controlled substance ("PWID"),[2] conspiracy,[3] and criminal use of a communication facility.[4, 5]  In March 2012, the Honorable Thomas G. Peoples

_____

[1] 35 P.S. § 780-113 (a)(30)
[2] 35 P.S. § 780-113 (a)(30)
[3] 18 Pa.C.S.A. § 903
[4] 18 Pa. C.S.A. § 7512
[5] We derive these facts from this Court's opinion in Commonwealth v. Serrano, 150 A.3d 470 (Pa. Super. 2016).

*   Former Justice specially assigned to the Superior Court.

Jr., imposed an aggregate sentence of thirty-one to eighty-two years of incarceration. Appellant appealed to this Court, which, in February 2013, vacated his conviction for delivery of a controlled substance because the verdict slip incorrectly indicated "cocaine" rather than "heroin." The matter was remanded for resentencing. Commonwealth v. Serrano, 61 A.3d 279 (Pa. Super. 2013).

In April 2013, Judge Peoples resentenced Appellant to an aggregate term of twenty-six to fifty-two years of incarceration, which included a mandatory minimum sentence for PWID pursuant to 18 Pa.C.S. § 7508. On appeal to this Court, Appellant's sentence was vacated as illegal in light of the decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). The matter was again remanded for resentencing. Commonwealth v. Serrano, 122 A.3d 1124 (Pa. Super. 2015) (unpublished memorandum).

In the interim, Judge Peoples passed away, and the case was reassigned to the Honorable Timothy M. Sullivan for resentencing. Judge Sullivan ordered an updated presentence investigation ("PSI") and thereafter imposed the same sentence as Judge Peoples but found Appellant to be Recidivism Risk Reduction Incentive ("RRRI") eligible. In January 2016, Appellant's post-sentence motions were denied and dismissed without a hearing. Appellant timely appealed his sentence, and in March 2017, this Court remanded for re-sentencing. Serrano, 150 A.3d at 475 (concluding that the presiding judge had abused its discretion by failing to independently evaluate the case).

In March 2017, a resentencing hearing was held, and Appellant was sentenced as aforementioned. Appellant did not file a post-sentence motion. Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive statement.

Appellant raises the following issue for review:

A. Whether sentencing court erred and abused its discretion by failing to consider evidence of Appellant's rehabilitation while incarcerated, his rehabilitative needs and protection of the public, as set forth in 42 Pa.C.S.A. [§] 9721(b), which resulted in a manifestly excessive sentence of probation, supervision, and constituted too severe of a punishment?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence, arguing that his probationary sentence was "excessive when considered with the record regarding [Appellant's] rehabilitation while incarcerated, his rehabilitative needs and protection of the public." Appellant's Brief at 9.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. Commonwealth v. Mastromarino, 2 A.3d 581, 585 (Pa. Super. 2010) (citation omitted).

Before we reach the merits of this [issue], we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of

right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Commonwealth v. Malovich, 903 A.2d 1247, 1250 (Pa. Super. 2006) (citation omitted).

Commonwealth v. Austin, 66 A.3d 798, 807-808 (Pa. Super. 2013) (alteration in original).

Appellant failed to preserve this issue for our review. The sentencing hearing transcript contains no objection from Appellant that the probationary sentence was unreasonable. Furthermore, following his resentencing Appellant failed to file a post-sentence motion to reconsider his sentence. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is waived. See Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013) (noting Appellant must preserve a challenge to the discretionary aspects of his sentence in a timely, post-sentence motion).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

- 4 -