J-S34036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD LEWIS COTTLE, JR., | : | |
| | : | |
| Appellant | : | No. 1911 WDA 2017 |

Appeal from the Judgment of Sentence November 29, 2017
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0000636-2017

BEFORE:    BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 16, 2018**

Gerald Lewis Cottle, Jr. (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver (PWID). We affirm.

> Appellant pled guilty[1] to [PWID] 5.08 grams of cocaine, an ungraded felony, a second or subsequent offense, in violation of 35 Pa.C.S.[] § 780-113(a)(30)[,] and was sentenced on November 29, 2017 to serve a term of incarceration in a state correctional facility of not less than thirty-six (36) months nor more than ten (10) years. That sentence was consecutive to any other sentences [A]ppellant was serving.[2]
>
> This offense had an offense gravity score of 7 and [A]ppellant had a prior record score of 5, resulting in a standard

---

[1] In exchange for his guilty plea, the Commonwealth agreed to *nol pros* the remaining charges and would not oppose Appellant's request to the court that his sentence run concurrently to already imposed sentences. Plea of Guilt, 9/11/2017.

[2]  At the time of Appellant's sentencing hearing, Appellant was serving backtime for a parole violation. N.T., 11/29/2017, at 14.

*Retired Senior Judge assigned to the Superior Court.

range of 24 to 30 months plus or minus six months. Thus, the sentence imposed was at the top end of the aggravated range of the sentence guidelines []. Appellant filed a timely post-sentence motion challenging the discretionary aspects of the sentence[.]

Sentencing Court Opinion, 1/30/2018, at 1.

In his post-sentence motion Appellant requested a sentencing modification because: (1) "[T]he sentence of the [c]ourt is manifestly excessive in length, because it is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of [Appellant;]" (2) Appellant's sentence exceeded the standard range of the sentencing guidelines, and his aggravated range sentence was imposed without sufficient reason; and (3) the court abused its discretion when it imposed a consecutive sentence "since a concurrent sentence is appropriate." Post-Sentence Motion, 12/5/2017, at 1-2 (unnumbered).

After the filing of his post-sentence motion, the sentencing court scheduled a hearing. At the hearing, Appellant's counsel acknowledged that several issues had been raised in Appellant's motion but that "it all boil[ed] down to the fact that [Appellant] was given an aggravated[-]range sentence." N.T., 12/14/2017, at 1. Counsel stated that this issue was "the only argument." *Id.* at 2. That same day, Appellant's post-sentence motion was denied. Appellant thereafter timely filed a notice of appeal.[3]

---

[3] Both Appellant and the sentencing court complied with Pa.R.A.P. 1925.

- 2 -

On appeal, Appellant sets forth the three aforementioned issues for our review. As a preliminary matter, as detailed *supra*, because Appellant decided to focus solely on the imposition of an aggravated range sentence at his post-sentence motion hearing, we find Appellant has abandoned his two remaining claims for the purposes of this appeal. Regardless, even if Appellant's issues were preserved, for the reasons that follow, he would still not be entitled to relief.

Appellant's claims all challenge the discretionary aspects of his sentence. Appellant's Brief at 7. Accordingly, we bear in mind the following.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. [4] We now turn to consider whether Appellant has presented substantial questions for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).

We address first Appellant's claim challenging the court's order that his sentence run "consecutive to any sentence [he] may now be serving." Sentencing Order, 11/29/2017, at 1-2. By way of further background, at the time of Appellant's sentencing hearing, Appellant had already been sentenced to three-to-10 years' incarceration in an unrelated case. N.T., 11/29/2017, at 13. However, Appellant had yet to begin this sentence because he was serving backtime for a parole violation. ***See*** N.T., 11/29/2017, at 13-14 (In response to the sentencing court's inquiry as to when Appellant started

---

[4] Despite Appellant's woefully inadequate 2119(f) statement, ***see*** Appellant's Brief at 12-13, the Commonwealth has not objected, so we will consider whether Appellant has raised substantial questions for our review.

serving his three-to-10 year sentence, Appellant replied that he "hadn't even started [it] yet, sir. I was a parole violator so I really got a year hit so I am still doing that right now, I got like eight months on that.").

It is clear that Appellant's sentence was to run consecutively to the remaining time on his parole violation, since he was serving his backtime when he was sentenced in the instant case. It is less clear whether the court's order intended that Appellant's sentence run consecutive to the sentence he had yet to begin serving.

With respect to the former, it is well-settled that "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence. Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence[.]" *Commonwealth v. Kelley*, 136 A.3d 1007, 1013-14 (Pa. Super. 2016) (internal citation omitted). Because Appellant was legally required to serve his backtime before beginning to serve a new sentence, the sentencing court was without the discretion to impose a concurrent sentence.

With respect to the latter, even if the court ordered Appellant's sentence to run consecutively to his three-to-10 year term of incarceration he had yet to begin serving, a bald assertion that the court's imposition of a consecutive sentence was an abuse of discretion does not raise a substantial question. *See* Appellant's Brief at 16.

> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum

possible" confinement. Under 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). *See also Commonwealth v. Diehl*, 140 A.3d 34, 45, (Pa. Super. 2016) ("A bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question."). No relief is due.

However, Appellant's remaining two claims, that the court erred in (1) imposing an aggravated range sentence without sufficient reasoning, and (2) failing to consider the factors set forth in the sentencing code, do raise substantial questions for our review. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) ("In his final issue [a]ppellant claims the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range. This Court has held that such a challenge to the sentence raises a substantial question."); *Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) ("This Court has previously found a substantial question to be raised where an appellant alleged that the sentencing court [] failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of appellant.").

With respect to these claims, Appellant's entire argument is as follows:

For [Appellant], the applicable sentence guidelines for an offense gravity score of 6 and a prior record score of 5 called for [24 to 30] month range, plus or minus six (6) months. The sentenc[ing]

court imposed an aggravated range sentence of [36 months to 10] years without a sufficient justification. The sentence was not specifically tailored to the nature of the offense, the ends of justice and society nor the rehabilitative needs of [Appellant].

Appellant's Brief at 15-16 (unnecessary capitalization omitted). With the exception of case law, Appellant's "argument" is essentially a recitation of his questions presented. *See* Appellant's Brief at 7.

It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived.

***Commonwealth v. Gibbs***, 981 A.2d 274, 284 (Pa. Super. 2009). Here, we find that Appellant has failed to develop his issues "in any meaningful fashion capable of review." ***Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009). Thus, his remaining claims are waived.

Even if we did reach the merits of Appellant's claims, he would not prevail on appeal. At Appellant's sentencing hearing, the court stated the following.

Unfortunately, [Appellant], I have been dealing with you for a number of years on these drug cases. It doesn't appear as though anything has been internalized by you in the therapeutic community programs. It is a lifestyle, it is a career for you almost of [*sic*] drug dealing.

\* \* \*

You have a profound drug addiction that has not been overcome by whatever programs were made available to you prior to your going out [*sic*] from the prison again. You were on parole when this one happened as well. … So we have been unsuccessful, unfortunately, in trying to rehabilitate you. … You do not appear

to be [amenable] to supervision in the community from your continued parole violations and continued offenses, so there is no reason for me not to give you a sentence in the aggravated range. … In addition, because it is a career problem that you have been unable to shake, I will make it consecutive to anything you're serving now.

* * *

[T]his is a sentence in the aggravated range because of [Appellant] being a career drug dealer with a profound drug addiction that has not been overcome by various treatment programs within a State Correctional Facility and because [Appellant] ha[d] been on parole while the new offense was committed and that he is not [amenable] to supervision in the community.

N.T., 11/29/2017, at 18-20. Additionally, the court, acknowledging Appellant's drug addiction, directed Appellant "be placed in a therapeutic community" to address this issue. Sentencing Order, 11/29/2017, at 2. Moreover, we note that the sentencing court reviewed a pre-sentence report (PSI) prior to sentencing.[5] "[W]here the sentencing judge had the benefit of a PSI, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004).

Furthermore, in addition to the foregoing, the sentencing court listened to statements made by Appellant and asked several questions regarding

---

[5] Appellant and the Commonwealth agreed that the sentencing court would review the most recent PSI, which was created for a previous sentencing hearing that occurred in May 2017. Order, 9/11/2017; N.T., 11/29/2017, at 12.

Appellant's background and previous incarcerations. N.T., 11/29/2017, at 14-18. Nonetheless, for the reasons cited *supra*, the sentencing court concluded that the imposition of an aggravated-range sentence was appropriate. ***See Commonwealth v. Mouzon,*** 828 A.2d 1126, 1128 (Pa. Super. 2003) (An "appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.").

In light of the foregoing, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/16/2018