**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM R. PLEASANT | : | |
| | : | |
| Appellant | : | No. 874 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006308-2012

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 10, 2020**

Raheem R. Pleasant (Appellant) appeals from the judgment of sentence imposed after he was granted a resentencing hearing by the trial court.  Upon review, we vacate the judgment of sentence and remand for resentencing.

The trial court explained:

> On August 21, 2011, [Appellant] and two others entered a Radio Shack electronics store located at 1501 North Broad Street in Philadelphia, where they robbed the store and held two employees at gunpoint.  [Appellant] and his two accomplices stole both store and employee personal property.  [Appellant] was subsequently arrested[.] . . .
>
> On November 21, 2012, [Appellant] entered a non-negotiated guilty plea to two (2) counts of [r]obbery []; one (1) count of [p]ossession of [f]irearm []; and one (1) count of [c]riminal [c]onspiracy [].[1] . . . On July 17, 2013, [the trial court] sentenced [Appellant] to [5 to 10 years of] imprisonment followed consecutively by [10 years] of probation.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 6105(a)(1), and 903.

On July 22, 2013, [Appellant] filed a timely *pro se* [n]otice of [a]ppeal with the Superior Court of Pennsylvania. On July 24, 2013, two days after filing his [n]otice of [a]ppeal, [Appellant] filed a *pro se* [m]otion to [w]ithdraw [g]uilty [p]lea with [the trial court]. On November 13, 2013, while his appeal was pending, [Appellant] filed a petition pursuant to the Post Conviction Relief Act ("PCRA"). [Appellant's] appeal was discontinued on July 24, 2014, and [Appellant] filed an amended petition on December 8, 2014. PCRA counsel was appointed, and filed an amended petition on November 19, 2017. [The trial court] granted [Appellant] a new sentencing hearing, based on the fact that [Appellant] was originally sentenc[ed] pursuant to a mandatory minimum sentencing scheme that was found to violate the Constitutions of the United States and the Commonwealth of Pennsylvania. On October 30, 2018, following a new sentencing hearing, at which [the trial court] was informed that [Appellant] absconded from a halfway house and committed four bank robberies while on parole from its original sentence, [the trial court] sentenced [Appellant] to an aggregate sentence of [35 to 70] years of confinement.

[Appellant] filed [a m]otion for [r]econsideration of [s]entence on November 3, 2018, which was denied by operation of law on March 5, 2019. [Appellant] then filed a timely [n]otice of [a]ppeal to the Superior Court of Pennsylvania. On May 1, 2019, [the trial court] issued an order pursuant to Pa.R.A.P. 1925(b) requiring [Appellant] to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal within [21] days. On May 15, 2019 [Appellant] filed a [c]oncise [s]tatement.

Trial Court Opinion, 6/27/19, at 1-3 (citations omitted).

Appellant presents a single issue for review:

[1.] Did the [trial court] abuse its discretion when it sentenced [Appellant], at a re-sentencing hearing, to an aggregate term of, thirty-five (35) to seventy (70) years, which increased the minimum prison term by thirty (30) years and the maximum prison term by sixty (60) years from the original sentence without detailing its reasons for imposing such a drastic increase[?]

Appellant's Brief at 3.

- 2 -

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Here, Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 7-8. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant claims that the trial court increased his minimum sentence by 30 years from his original sentence "without detailing its reasons for imposing such a drastic increase[.]" Appellant's Brief at 3. A presumption of judicial vindictiveness arises if a trial court imposes a harsher sentence upon resentencing. ***Commonwealth v. Watson***, --- A.3d ----, 2020 WL 611088, *5 (Pa. Super. 2020). Accordingly, Appellant's claim, which implicates the doctrine of judicial vindictiveness, raises a substantial question for our review. ***See Commonwealth v. Barnes***, 167 A.3d 110, 123 (Pa. Super. 2017) ("[I]t is settled that Appellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for our review.") (citation omitted).[2]

We review Appellant's sentencing claim mindful of the following:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

---

[2] Appellant also argues that the trial court's sentence was excessive, and claims that the court failed to consider mitigating factors "such as drug use beginning at age 13 and an impressive amount of good character evidence[.]" Appellant's Brief at 8. This claim also raises a substantial question. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted).

arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

As noted above, the presumption of judicial vindictiveness arises when a trial court imposes a harsher sentence upon resentencing. ***Watson***, 2020 WL 611088 at \*5. The presumption attaches when a defendant receives an increase in sentence after being awarded a new trial, and also "when the original sentence is vacated and a second sentence is imposed without an additional trial." ***Commonwealth v. Ali***, 197 A.3d 742, 761 (Pa. Super. 2018) (citation omitted). Further:

The presumption of vindictiveness may be rebutted where the trial court places on the record non-vindictive reasons for the increased sentence, such as objective information concerning identifiable conduct on the part of the defendant occurring **after** the time of the original sentencing proceeding. The presumption could also be overcome by other forms of objective information or legitimate sentencing concerns that were not presented to or considered by the trial court at the original sentencing hearing. The presumption of vindictiveness, however, will not be rebutted without objective information justifying the sentencing increase.

***Watson***, 2020 WL 611088 at \*5 (citations omitted, emphasis in original).

At resentencing, the same trial court that originally sentenced Appellant to a term of 5 to 10 years of incarceration resentenced him to a term of 35 to 70 years. Upon review, however, the record reflects that the trial court failed to rebut the presumption of vindictiveness by providing the reasons for its

- 5 -

increase of Appellant's sentence on the record at resentencing. Prior to imposing Appellant's 35 to 70 year sentence, the trial court stated:

> Well, [Appellant], I've taken into consideration the presentence investigation reports, the mental health evaluation. I've taken into consideration the prior record that you have. I've taken into consideration that you pled guilty. I've taken into consideration the arguments of [defense counsel and counsel for the Commonwealth]. I've taken into consideration your right of allocution, in which you've indicated you just wish for me to let this case go away. I've taken into consideration -- I recall your family being here. I've taken into consideration what -- your family was here and what they said about you. I understand that they couldn't be here today. I take that into consideration, so I do not hold that against you. . . . And I did take into consideration a lot of things that your family said at that point and I did sentence you under the statute that was in effect of the mandatory minimum at that time. And for those reasons, I -- it sent back and I will now pronounce sentence again. I will sentence you for punishment, prevention of crime, rehabilitation, the vindication of the [c]ourt's authority[,] . . . [and] a threat to the public, which I see.

N.T., 10/30/18, at 13-14, 16.

As noted by the trial court at Appellant's resentencing, it considered Appellant's prior criminal record, the fact that he pled guilty to the crimes charged, and the presence of Appellant's family at the original sentencing. *See id.* All three of these considerations were also cited by the trial court as reasons for imposing Appellant's original 5 to 10 year sentence at the July 17, 2013 hearing. *See* N.T., 7/17/13, at 15 ("I am taking into consideration the family support. I am taking into consideration that you pled guilty[.] . . . I have taken into consideration your prior record score.").

- 6 -

Further, the trial court failed to articulate on the record at Appellant's resentencing any post-sentence conduct to justify the increase in sentence. While the trial court accurately observes that it was informed by the Commonwealth that Appellant "absconded from a halfway house and committed four bank robberies while on parole from its original sentence," Trial Court Opinion, 6/27/19, at 2, the trial court failed to cite Appellant's convictions on the record at resentencing as the non-vindictive reason for increasing Appellant's minimum sentence by 30 years.[3] **See** N.T., 10/30/18, at 1-19.

We are therefore constrained to conclude that the trial court "failed to identify any post-sentence conduct to justify an increased sentence, or any sentencing concerns it had not already considered before the original sentencing." **Watson**, 2020 WL 611088 at *6 (citation omitted). Therefore, the trial court has failed to rebut the presumption of vindictiveness arising

---

[3] The trial court explains in its 1925(a) opinion that it based its increase of Appellant's sentence on his federal bank robbery convictions occurring after the date of his original sentencing. **See** Trial Court Opinion, 6/27/19, at 3-4. However, to rebut the judicial vindictiveness presumption, the trial court was required to state this non-vindictive reason on the record at Appellant's resentencing. **See Ali**, 197 A.3d at 761 ("[T]he factual data upon which the increased sentence is based must be made part of the record.") (citation omitted); **see also Commonwealth v. Serrano**, 150 A.3d 470, 475 n.7 (Pa. Super. 2016) ("A more extensive explanation in an opinion filed pursuant to Rule 1925(a) will not cure a failure to articulate reasons [for imposing sentence] at the time of sentencing.") (citation omitted).

from the increased sentence. ***See id***. Because the vindictiveness presumption has not been rebutted, we vacate the judgment of sentence and remand for resentencing.[4]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20

---

[4] In light of our disposition, we do not address the merits of Appellant's remaining claim regarding the discretionary aspects of his sentence.