J-S32037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KLAYTON MASSIE | : | |
| | : | |
| Appellant | : | No. 479 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 31, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000742-2018,
CP-02-CR-0011697-2018

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED: December 7, 2021**

Klayton Massie ("Massie") appeals from his judgments of sentence entered following his convictions of one count each of third-degree murder and criminal mischief[1] at CP-02-CR-0000742-2018 ("No. 742"), and one count each of unlawful restraint–serious bodily injury and possession of an instrument of crime[2] at CP-02-CR-0011697-2018 ("No. 11697"). We affirm.

The trial court summarized the factual history underlying these cases as follows:

[T]he victim, Francis Sam Zbony [("Zbony")], was beaten to death in his bedroom by [Massie], who was his roommate at the time. [] Zbony and [Massie] lived with Moses Edwards [("Edwards")] and [Mariuanna] Watts[, ("Watts")], [Massie]'s girlfriend and co-

---

[1] 18 Pa.C.S.A. §§ 2502, 3304(a)(5).

[2] 18 Pa.C.S.A. §§ 2902(a)(1), 907.

defendant…. The events immediately leading up to the fatal beating involved [Zbony] getting into a physical altercation with [] Watts. [] Edwards ultimately intervened to break up the fight, and he kicked [] Watts out of the house because she was constantly fighting with people within the residence. [Zbony] then went upstairs to his second-floor bedroom.

Shortly thereafter, [] Watts returned to the home with [Massie]. They immediately got into another physical confrontation with [Zbony], who at that time, was sitting on the steps near the second floor. During this confrontation, [Massie] and [] Watts threatened to kill [] Zbony. [] Zbony retreated to his bedroom to escape the altercation. [Massie] responded by arming himself with a pickaxe and breaking down [] Zbony's door to gain entry into his room. [Massie] then subjected [] Zbony to such a brutal assault that he never regained consciousness.

When officers responded to the scene, they found [] Zbony laying on his bedroom floor, unresponsive, with labored[] breathing. [] Zbony arrived at the hospital in critical condition and was placed on a ventilator. There were abrasions on his neck, left shoulder near his collarbone, and dried blood emanating out of both nostrils. [] Zbony suffered a severe traumatic brain injury and ultimately succumbed to his severe injuries seven [] months later.

[Additionally, the autopsy report detailed that Zbony also suffered a nasal bone fracture, scalp contusion, laceration of the right thigh, and a fracture of L-1 and L-2 transverse process. In particular, the transverse process injury was not a fatal injury, but indicated that Zbony had been stomped on.]

Trial Court Opinion, 7/16/21, at 7-9 (footnotes, quotations, and citations omitted).

On August 5, 2019, Massie pled guilty to the above-mentioned crimes, and the trial court deferred sentencing for the preparation of a pre-sentence investigation report ("PSI"). On October 31, 2019, the trial court conducted a sentencing hearing. At No. 11697, the trial court sentenced Massie to a

period of 20 to 40 years in prison for his conviction of third-degree murder, and imposed no further penalty for his conviction of criminal mischief. The trial court also ordered 430 days of credit for time served. At No. 742, the trial court sentenced Massie to concurrent terms of 5 years of probation for each of his convictions. The trial court directed Massie's probation terms to run consecutive to Massie's third-degree murder conviction.

On July 19, 2020, Massie filed a Petition pursuant to the Post Conviction Relief Act ("PCRA").[3] The PCRA court appointed counsel, who, on January 4, 2021, filed an Amended PCRA Petition seeking the reinstatement of Massie's direct appeal rights, *nunc pro tunc*. On February 4, 2021, the trial court granted Massie's PCRA Petition and reinstated his direct appeal rights and his post sentence motion rights, *nunc pro tunc*. Subsequently, Massie filed a post sentence Motion, in which he challenged the discretionary aspects of his sentence. The trial court denied Massie's post sentence Motion on March 12, 2021. Massie filed a *nunc pro tunc* Notice of Appeal from the October 31,

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

2019, judgments of sentence[4] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Massie now raises the following claim for our review:

Did the trial court abuse its discretion in imposing the statutory maximum sentence that was unreasonable, manifestly excessive, contrary to the dictates of the sentencing codes, and an abuse of discretion in that: 1) the [trial] court failed to consider an apply all of the required sentencing factors under 42 Pa.C.S.[A.] §[ ]9721(b) and 42 Pa.C.S.[A.] §[ ]9725; and 2) the [trial] court focused exclusively on the seriousness of the crime, including the same factors which constituted the elements of the crimes?

Brief for Appellant at 4.

_____

[4] In his single Notice of Appeal, Massie listed both docket Nos. 742 and 11697. On May 19, 2021, this Court issued a Rule to Show Cause as to why Massie's appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (stating that where one order resolves issues on multiple lower court dockets "separate notices of appeal must be filed"). **See** Rule to Show Cause, 5/19/21, at 1. On May 24, 2012, Massie filed a Response, in which he conceded that his Notice of Appeal did not comply with **Walker**. Massie requested permission to file an amended notice of appeal, and indicated that he only intended to appeal the judgment of sentence at No. 11697. **See** Response, 5/24/21, at 1. On June 9, 2021, this Court denied Massie's request to file an amended notice of appeal, and advised Massie that he could renew his request with the merits panel. **See** Order, 6/9/21, at 1. Our review of the record reveals that on March 12, 2021, the trial court denied Massie's *nunc pro tunc* post sentence Motion, but did not advise him of his appellate rights. **See** Order 3/12/21; *see also* **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. super. 2007) (compiling cases in which "a court breakdown occurred in instances where the trial court, … either failed to advise [a]ppellant of his post-sentence and appellate rights[,] or misadvised him."); **Commonwealth v. Larkin**, 235 A.3d 350, 353 (Pa. Super. 2020) (*en banc*) (stating that this Court has "declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court."). Accordingly, we shall address the claims raised in Massie's appeal.

Massie challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Massie filed a timely Notice of Appeal, raised his discretionary aspects of sentencing claim in his *nunc pro tunc* post sentence Motion, and properly included a 2119(f) Statement in his brief. Additionally, Massie's claim that the trial court ignored the sentencing factors pursuant to 42 Pa.C.S.A. § 9721(b), and improperly focused on the seriousness of his offense, raises a substantial question. Brief for Appellant at 11-16; *see Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) (finding a substantial question where the appellant claimed the trial court failed to consider his individualized needs); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011)

- 5 -

(finding a substantial question where the appellant argued the trial court focused on the seriousness of the offense, did not consider his rehabilitative needs, and evinced a "fixed purpose of keeping [the appellant] in jail for his life"). Accordingly, we will review the merits of Massie's discretionary sentencing claim.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

"In every case in which the court imposes a sentence for a felony[,] … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality) (quoting 42 Pa.C.S.A. § 9721(b)). "[T]he [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim, and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. McClendon*, 589 A.2d 706, 713 (Pa. Super. 1991)

(stating that "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."). Further, the trial court must consider the Sentencing Guidelines. ***Commonwealth v. Sheller***, 961 A.2d 167, 190 (Pa. Super. 2008).

At the sentencing hearing, the trial court stated as follows:

> Certainly [Watts] had a hand to play and she must deal with that…. But [Massie is] the primary cause here. First of all, you weren't even present, you didn't need to come to that house. And when you came to that house[,] you came to that house with an agenda. You came to that house with the idea that you were going to make sure that you took out on [Zbony] the fear and the harm[,] if any[,] that he caused to [Watts].
>
> So you blocked his way. You caused problems, you broke down a door, you broke down a door with a pick axe. At the point that [Zbony] remove[d] himself and lock[ed] himself in that room everything should stop…. But [it] didn't. You didn't walk away, you escalated it beyond belief. Breaking down a door with a pick axe and going into that room and just [] beating the man to death. That['s] what you did. You may say he didn't die then[,] but he certainly died of the injuries that you inflicted on him. Incredibly serious injuries. At your own hands.
>
> That[,] to me[,] is not a mitigated sentence. There is no reason for that to be a mitigated sentence. … Your choice was to cause this man's death.

N.T. (Sentencing Hearing), 10/31/19, at 34-36.

Additionally, in its Opinion, the trial court addressed Massie's claim as follows:

> In addition to considering the … PS[I], this court also considered the victim impact testimony presented at the sentencing hearing, the arguments of counsel, and [Massie]'s allocution. [N.T. (Sentencing Hearing), 10/31/19, at] 13-22, 30-34. The victim's sisters and stepmother testified passionately as to the impact that the murder had on their family. [***Id.*** at] 13-

- 7 -

22. [Massie] apologized to the victim's family and did appear sincerely remorseful for his crimes during his allocution. [***Id.*** at] 30-31. Counsel for [Massie] rested mainly on the arguments made in the sentencing memorandum, highlighted [Massie]'s extreme remorse and his acceptance of responsibility, and requested a mitigating sentence. [***Id.*** at] 31.

* * *

Accordingly, while this court was clearly aware of [Massie]'s mitigating factors, the court did not believe that his childhood trauma or conditions of []ADHD, anxiety, and depression[] were so dire or unique that they overshadowed the need for the sentence to account for the heinous murder he committed. In any event, while [Massie] argues that his "acts were motivated by mental illness impacting his judgment and not an intent to kill," the fact remains that [Massie] admitted guilt and accepted responsibility for committing an intentional, malicious killing, and the circumstances surrounding the murder certainly establish that it was exactly that.

Moreover, while [Massie] claims that he did not have a propensity for violence, he certainly did not have a track record for being an upstanding, law-abiding citizen either. [Massie] had juvenile adjudications for serious crimes like robbery and possessing a weapon, as well as a prior drug-trafficking conviction for which he received a sentence of two [] to six [] years of imprisonment. He was briefly paroled[,] but then was recommitted and remain[ed] imprisoned until the expiration of his maximum sentence "because of repeated disciplinary infractions." [***Id.*** at] 33. As noted by the Commonwealth, despite the substantial time he spent incarcerated, [Massie] was only at liberty for a little more than two [] years before he decided to commit a heinous murder. In this court's estimation, the fact that [Massie] killed his own friend, with his bare hands, so shortly after being released from a serious prison sentence[,] only makes him that much more of a danger to the public.

To be clear, this was not a freak accident where one punch landed the wrong way and caused a fatal injury. [Massie] essentially hunted down [Zbony] after [Zbony] had attempted to flee to safety[,] and [Massie] quite literally beat him to death despite having ample opportunity to walk away from the incident. What's more, [Massie] then left [Zbony] battered, bleeding, and

alone on the floor instead of seeking immediate medical attention for him.

\* \* \*

Accordingly, simply because mitigating factors were at play did not mean that this court was required to assign them more weight at the expense of other, more serious concerns that far outweighed any mitigating evidence. … As is reflected by the record, this court fulfilled its obligation to consider [Massie]'s background, history, mental health conditions, acceptance of responsibility and show of remorse. It simply found, however, that those factors did not warrant a lesser sentence, because the need for the sentence to reflect the brutally violent nature of the offense, the need to protect the public, and the need to provide adequate deterrence were factors that were far more compelling in this case.

Trial Court Opinion, 7/16/21, at 11-16 (footnote omitted, some citations omitted).

Our review confirms that the trial court considered all of the relevant sentencing factors, and appropriately set forth its reasons for imposing the statutory maximum sentence. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (stating that "[t]he sentencing court merely chose not to give the mitigating factors as much weight as [a]ppellant would have liked[.] We cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing courts."). Moreover, the trial court had the benefit of a PSI, which the trial court expressly stated that it had considered. *See* N.T. (Sentencing Hearing), 10/31/19, at 12 (wherein the trial court states that it had reviewed Massie's PSI and Sentencing Memorandum); Trial Court Opinion, 7/16/21, at 11-12;

*see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (explaining that where a sentencing judge considered the PSI, it is presumed that they are "aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors."). Therefore, we conclude that the trial court did not abuse its discretion in imposing Massie's sentence, and that Massie's challenge to the discretionary aspects of his sentence is without merit. *See Macias*, *supra*; *see also Robinson*, *supra*.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2021