J-S73018-16

2016 PA Super 246

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

MICHAEL SERRANO

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 204 WDA 2016

Appeal from the Judgment of Sentence January 15, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000099-2011

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

OPINION BY LAZARUS, J.:                          **FILED NOVEMBER 15, 2016**

Michael Serrano appeals from the judgment of sentence imposed in the Court of Common Pleas of Blair County after a jury found him guilty of various drug trafficking crimes.  Upon careful review, we vacate Serrano's judgment of sentence and remand for resentencing.

On October 27, 2011, Serrano was convicted of one count each of delivery of a controlled substance,[1] possession with intent to deliver a controlled substance ("PWID"),[2] conspiracy – PWID,[3] and criminal use of a communication facility.[4]  The Honorable Thomas G. Peoples, Jr., imposed an

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 903.

*(Footnote Continued Next Page)*

aggregate sentence of 31 to 82 years' incarceration on March 15, 2012. Serrano appealed to this Court, which, on February 4, 2013, vacated his conviction for delivery of a controlled substance because the verdict slip incorrectly indicated "cocaine" rather than "heroin." The matter was remanded to the trial court for resentencing.

On April 24, 2013, Judge Peoples resentenced Serrano to an aggregate sentence of 26 to 52 years' imprisonment as follows: for PWID, a term of incarceration of 15 to 30 years; for conspiracy, 7½ to 15 years in prison; and for criminal use of a communications facility, 3½ to 7 years imprisonment. Upon appeal to this Court, Serrano's sentence, which included a mandatory minimum sentence for PWID pursuant to 18 Pa.C.S.A. § 7508, was vacated as illegal in light of the U.S. Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). The matter was again remanded for resentencing.

In the interim, Judge Peoples passed away and the case was reassigned to the Honorable Timothy M. Sullivan for resentencing. Judge Sullivan ordered an updated presentence investigation ("PSI") and, on January 15, 2016, imposed the same sentence Judge Peoples had imposed, but found Serrano to be Recidivism Risk Reduction Incentive[5] eligible.

_(Footnote Continued)_ ────────────

[4] 18 Pa.C.S.A. § 7512.

[5] 61 Pa.C.S.A. §§ 4501-4512

Serrano filed post-sentence motions, which the trial court denied by order dated January 29, 2016.

This timely appeal follows, in which Serrano raises the following issues for our review:[6]

> 1. Whether the sentencing court erred and abused its discretion by failing to consider evidence of [Serrano's] rehabilitation while incarcerated, his rehabilitative needs and protection of the public, as set forth in 42 Pa.C.S.A. [§] 9721(b), which resulted in an excessive sentence?
>
> 2. Whether the sentencing court erred and abused its discretion by relying on the previous sentencing court's determination and by not conducting an independent review of the evidence presented at sentencing, as it does not constitute a sufficient reason for imposing sentence?
>
> 3. Whether the sentencing court erred and abused its discretion by basing . . . Serrano's sentence on the seriousness of the offense alone, without taking into account evidence of other relevant sentencing criteria, which does not constitute a sufficient reason for imposing a sentence?
>
> 4. Whether the sentencing court erred and abused its discretion by imposing consecutive terms of statutory maximum sentences, rather than a standard guideline range sentence, which may result in disparate sentence[s] between co-defendants, since the Commonwealth did not specifically recommend maximum terms and indicated . . . Serrano's more culpable co-defendant Gene Carter may very well receive a sentence within the standard range of his sentencing guidelines?

Brief of Appellant, at 4-5.

_____

[6] In his statement of questions involved, Serrano raises five issues. However, the fifth and final issue is merely an amalgamation of the previous four issues and, accordingly, will not be addressed separately.

All of Serrano's appellate claims challenge the discretionary aspects of his sentence. Such claims do not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such discretionary challenges, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**, quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Serrano filed a post-sentence motion raising his sentencing claims, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

This Court has previously found a substantial question to be raised where an appellant alleged that the sentencing court: (1) failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of appellant,

*see Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012); (2) failed to consider the defendant's individualized needs, *see Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008); (3) focused solely on the seriousness of the offense in crafting the sentence, *see Commonwealth v. Culverson*, 34 A.3d 135, 146 (Pa. Super. 2011); and (4) imposed an excessive aggregate sentence by sentencing consecutively in light of the criminal conduct at issue and where co-defendants were sentenced more leniently, *see Commonwealth v. Mastromarino*, 2 A.3d 581, 587-89 (Pa. Super. 2010). Accordingly, we find that Serrano has raised substantial questions and will proceed to review the merits of his claims.

We first address Serrano's claim that the sentencing court erred and abused its discretion by relying on the previous sentencing court's determination and by not conducting an independent review of the evidence presented at sentencing. For the following reasons, we agree that the court abused its discretion and remand, once again, for resentencing.

> When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. *Commonwealth v. Losch*, [] 535 A.2d 115 (Pa. Super. 1987). "Reimposing a judgment of sentence should not be a mechanical exercise." *Id.* [] at 122. "Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant-especially where defense counsel comes forward with relevant evidence which was not previously available." *Id.* Thus, [appellant's] conduct since the prior sentencing hearing is relevant at resentencing. *Id.* [] at 123. The sentencing judge must take note of this new evidence and reevaluate whether the

jail term which [appellant] received is a just and appropriate punishment. ***Id.***

***Commonwealth v. Jones***, 640 A.2d 914, 919–20 (Pa. Super. 1994). These directives are particularly salient where, as here, the resentencing judge did not preside over the defendant's previous sentencing proceeding and is not personally familiar with the defendant and his background, offenses and character. Accordingly, the new presiding judge must familiarize himself with the defendant, the offense, and the attendant circumstances of the case.

In this case, it is abundantly clear that Judge Sullivan mechanically reimposed the sentence originally handed down by Judge Peoples without making any independent reassessment or reevaluation of the sentencing criteria set forth in the Sentencing Code. Indeed, the court plainly conceded as much:

> BY THE COURT: . . . **I view my role as not to come in here and make an independent judgment upon your case.** All right? Judge Peoples is the one who presided over your trial. Judge Peoples is the one who heard all the evidence. Judge Peoples is the one who considered all the evidence that was adduced during the trial and heard the arguments from [counsel] and he imposed sentence as he did. Of course, it was taken up on appeal and remanded. Judge Peoples imposed a substantial sentence the second time around. Again, it was taken up on appeal and remanded back. **I don't view my role as taking an independent look at the case.** I view my role as reviewing the evidence, trying to determine what Judge Peoples, who was the presiding trial judge and the original sentencing judge, what his intention was at the time he imposed sentence. Mr. Serrano, I'm fully satisfied, practicing before Judge Peoples and knowing Judge Peoples, it was his intention to impose the statutory maximum upon you for each and every one of these counts for which you were convicted. I disagree with the Superior Court

> with all due respect. I don't believe Judge Peoples in any way was swayed by the mandatory minimums that at one time were in place and were overruled by the United States Supreme Court decision in **Alleyne**. I don't think that played any part in Judge Peoples' decision or his analysis in imposing sentence upon you. I am fully satisfied it was Judge Peoples' intention to impose the statutory maximum sentence upon you. So, in light of that, I will enter this Sentencing Order.

N.T. Sentencing, 1/15/16, at 20-21 (emphasis added). The order that followed was, essentially, a word-for-word recitation of Judge Peoples' sentencing order from April 24, 2013.

As the foregoing reveals, at sentencing, Judge Sullivan declined to make any findings of his own demonstrating that Serrano's sentence was individualized and "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."[7] 42 Pa.C.S.A. § 9721(b). Instead, he deferred entirely to what he speculated to have been the judgment of a deceased jurist. This is especially concerning in a case, such as here, where the prior judge sentenced Serrano under a mandatory minimum sentencing scheme that has since been deemed to be unconstitutional. Judge Sullivan's duty at resentencing was not to channel

---

[7] In its Pa.R.A.P. 1925(a) opinion, the sentencing court expanded on its purported reasons for imposing the sentence it did. However, a sentencing court's reasons for a particular sentence must be given contemporaneously with the imposition of the sentence. **Commonwealth v. Plasterer**, 529 A.2d 37, 39 (Pa. Super. 1987). A more extensive explanation in an opinion filed pursuant to Rule 1925(a) will not cure a failure to articulate reasons at the time of sentencing. **Id.**

the presumed intent of Judge Peoples, but rather to perform an independent assessment of the record as a whole, as well as the evidence presented in the PSI and by the parties at sentencing. Indeed, we note that the prosecutor, himself, stated that the Commonwealth had "reservations" about the court sentencing Serrano to the statutory maximum, given that his more culpable co-defendant would likely be sentenced within the standard range of the guidelines by another judge. *See* N.T. Sentencing, 1/15/16, at 4-5.

While the court stated that it was in possession of and had reviewed an updated PSI, and while Serrano was given the opportunity to present evidence on his own behalf, we simply cannot ignore the court's outright admission that it did not believe its role was to "take an independent look at the case." N.T. Sentencing, 1/15/16, at 21. It is clear that the court believed that, under the unique circumstances of this case, its obligation was simply to effectuate the intent of the prior sentencing judge. This was not only an abuse of the court's discretion, but a complete failure to exercise that discretion.

Accordingly, we are constrained to vacate Serrano's judgment of sentence and remand for resentencing. Upon remand, the trial court "should start afresh" and "reassess the penalty to be imposed" on Serrano. *Jones*, 640 A.2d at 919–20.

Judgment of sentence vacated. Case remanded for resentencing in accordance with the dictates of this opinion.[8] Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[8] Because we grant Serrano relief on this issue, we need not address his remaining claims on appeal.