J-S91018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT CHARLES LOWDEN | : | |
| Appellant | : | No. 830 MDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002232-2015

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 04, 2017**

As the Majority indicates, Appellant challenges the discretionary aspects of his sentence. Appellant has preserved properly a single discretionary aspects of sentencing claim by presenting the claim in his post-sentence motion, court-ordered Pa.R.A.P. 1925(b) statement, Pa.R.A.P. 2119(f) statement, and the argument portion of his brief. Namely, Appellant argues the sentencing court erred in imposing consecutive, as opposed to concurrent, sentences for the crimes committed in the instant case since the sentencing court failed to adequately consider the mitigating circumstances.[1]

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant presented several mitigating factors that the sentencing court allegedly failed to consider in imposing consecutive, as opposed to concurrent, sentences.
*(Footnote Continued Next Page)*

Thus, notwithstanding Appellant's attempt to raise an additional issue on appeal, *i.e.*, that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b),[2] this Court should confine its analysis to the sole discretionary sentencing claim preserved by Appellant throughout the proceedings.

In any event, I agree with the Majority that Appellant has not presented a "substantial question" that the sentence appealed from is not appropriate under the Sentencing Code. As the Majority correctly indicates: "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (quotation marks and quotation omitted). Moreover, this Court also has stated,

> [T]he [sentencing] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme

*(Footnote Continued)* ─────────────────

[2] As the Majority indicates, Appellant argues on appeal that the sentencing court's imposition of standard range sentences was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of the defendant. This Court has held that such a claim may raise a substantial question permitting our review. ***Commonwealth v. Serrano***, 150 A.3d 470, 473 (Pa.Super. 2016). However, in this case, Appellant did not present such a claim in his post-sentence motion, and thus, it is waived. ***See*** Pa.R.Crim.P. 720.

circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa.Super. 2010) (citations omitted). **See Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa.Super. 2012) (*en banc*).

In the case *sub judice*, there is no indication that the aggregate sentence is unduly harsh, considering the nature of Appellant's crimes and the length of imprisonment imposed.  Thus, Appellant has failed to raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code and affirmance of his judgment of sentence is warranted.