J-S76019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID RYAN BATES, | : | |
| | : | |
| Appellant. | : | No. 458 WDA 2018 |

Appeal from the Judgment of Sentence, February 8, 2018,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0003635-2016.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: FILED MARCH 11, 2019

David Ryan Bates appeals from his judgment of sentence imposed after the trial court convicted him of possession with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[1] For the reasons below, we affirm.

The trial court summarized its factual findings as follows:

On February 12th, 2015, Detective Brian Fiorelli, who investigates narcotics sales and purchases in the Millcreek Police Department's Special Investigations Unit, received a telephone call from an unidentified male regarding the purchase of heroin[. He] entered into a deal to purchase heroin at the McDonald's restaurant located at 909 Peninsula Drive, Erie, Pennsylvania. Detective Fiorelli arrived at the McDonald's restaurant around 6:00 p.m. and called the telephone number that had previously called him

_____

[1] 35 Pa.C.S.A. §§ 780-113(a)(30), (16), and (32), respectively.

and an unidentified male "instructed Detective Fiorelli to go to the bathroom of McDonald's."

As Detective Fiorelli proceeded to the men's bathroom, he was alerted via text message from other Millcreek Detectives, who were conducting surveillance outside of this McDonald's restaurant, to the arrival of a blue Kia Sorento in this McDonald's restaurant's parking lot. As Detective Fiorelli continued to the men's bathroom, he observed [Bates] enter the McDonald's restaurant and walk into the men's bathroom. After Detective Fiorelli followed [Bates] into the men's bathroom, [Bates] approached Detective Fiorelli at the bathroom counter and spat . . . onto the counter a knotted plastic baggy containing a "chunky brown substance." Detective Fiorelli then placed one hundred dollars on the bathroom countertop, and [Bates] retrieved the money and exited the bathroom. [Bates] then exited this McDonald's restaurant, entered the Kia Sorento, departed from this McDonald's restaurant's parking lot, and proceeded south on Peninsula Drive.

Detectives Green and Hardner, the other Millcreek Detectives conducting surveillance, contacted Patrolman Benjamin Bastow of the Millcreek Police Department, who was patrolling nearby in a marked Millcreek Police vehicle. Patrolman Bastow, who was already approximately a block away from the Kia Sorento, was requested to effectuate a stop of the Kia Sorento to obtain information on the occupants for the benefit of the Detectives conducting surveillance. Patrolman Bastow observed the Kia Sorento depart from this McDonald's parking lot, proceed down Peninsula Drive, and pull into a County Fair gas station. Patrolman Bastow then followed the Kia Sorento into the County Fair gas station parking lot and conducted a mere encounter with the occupants of the vehicle to identify said individuals. Patrolman Ben Bastow identified the individuals inside of the Kia Sorento and sent out their names over the radio, who included David Ryan Bates, Eijon Shaleel Blue, and Davon Wall. Within approximately ten minutes of meeting with [Bates] in this McDonald's restaurant bathroom, Detective Fiorelli identified positively [Bates] as the individual who sold the chunky brown substance to Detective Fiorelli after Detective Fiorelli reviewed a printout of [Bates'] Identification card photograph produced from the

PennDot System. The chunky brown substance was ultimately sent to the Pennsylvania State Police Erie Regional Lab for analysis, and the lab results indicated positively that the chunky brown substance was heroin with a weight of .36 grams.

Trial Court Opinion, 5/18/18, at 1-3 (citations omitted).

Bates was charged with the above drug-related offenses, and Bates ultimately waived his right to a jury trial. On December 7, 2017, a bench trial commenced, and the Commonwealth presented testimony from Detective Brian Fiorelli and Patrolman Benjamin Bastow, as well as Forensic Scientist David Eddinger of the Pennsylvania's State Police Crime Lab. On December 28, Blue and Wall testified on behalf of Bates, who also testified on his own behalf. The Commonwealth also called Patrolman Barlow in rebuttal.

The trial court convicted Bates on all charges and imposed an aggregate sentence of two to five years' incarceration. Bates filed post-sentence motions which the trial court denied. Bates timely appealed. Both Bates and the trial court complied with Pa.R.A.P. 1925.

Bates raises the following issues on appeal:

1. Was there sufficient evidence to sustain each of Bates' convictions, because the court's findings were based on mere conjecture and speculation?

2. Did the trial court err by denying Bates' post-sentence request for relief on weight of the evidence grounds?

3. Did the trial court err by imposing a manifestly extreme and clearly unreasonable sentence which was not individualized as required by law?

See Bates' Brief at 5.

Bates' first issue challenges the sufficiency of the evidence supporting his convictions. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilty may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

Further, "[w]hile a criminal conviction may rest upon wholly circumstantial evidence, it may not be based upon mere surmise or conjecture." Commonwealth v. Stores, 463 A.2d 1108, 1112 (Pa. Super. 1983) (citations omitted). Here, Bates asserts "there are multiple discrepancies in particular relative to [Detective] Fiorelli's testimony which should have cause the [trial court] to find his testimony not credible." Bates' Brief at 7. In support of this claim, Bates asserts the detective's testimony at

the preliminary hearing "differed greatly" from his trial testimony. Id. Bates further argues that, although Detective Fiorelli testified that Bates spat out the plastic bag of the drugs that were recovered from him, the contraband "was never submitted for DNA analysis to determine if [his] DNA was found thereupon." Id. Bates also contends that the trial court "simply ignored" the version of the incident testified to by his two defense witnesses, which was corroborated by his own testimony. Id. at 8. We disagree.

The trial court rejected Bates' sufficiency challenge:

[Bates'] argument that the Commonwealth presented "no evidence of a physical nature, such as DNA testing of the package that the heroin was obtained in . . . nor were there any fingerprints of [Bates] found on said package . . ." is simply without merit. As mentioned above, the Commonwealth presented sufficient evidence in this case identifying [Bates] as the individual who sold the subject heroin to Detective Fiorelli. In particular, Detective Fiorelli retrieved a printout containing a photograph of [Bates] from the PennDOT System, which was date-stamped as 6:20 p.m. on February 12th, 2015, approximately ten minutes from the time Detective Fiorelli stated he encountered [Bates] inside the McDonald's restaurant bathroom at or about 6:10 p.m. The Commonwealth additionally requested and, with no objection from [Bates,] this trial court admitted said printout as evidence. Said printout is included in the formal case record. Thus, this trial court was entitled to rely on the Commonwealth's evidence in making the factual determination that Detective Fiorelli positively identified [Bates] as the individual who sold heroin to Detective Fiorelli approximately ten minutes after encountering [Bates]. As this trial court has the exclusive responsibility of affording weight to the Commonwealth's evidence, this trial court concludes [Bates] was the individual who sold heroin to Detective Fiorelli.

Trial Court Opinion, 5/18/18, at 8.

Our review of the record supports the trial court's conclusions. In finding the evidence sufficient, the trial court, as sole fact-finder, found Detective Fiorelli's testimony credible. We cannot disturb this determination. Hansley, supra.

Moreover, the trial court did not "simply ignore" the testimony from Bates and his witnesses but rather discredited it as untrue. Bates' argument truly goes to the weight and credibility of the evidence presented rather than its sufficiency. See Commonwealth v. Palo, 24 A.3d 1050, 1055 (Pa. Super. 2011) (concluding that the appellant attacks the weight, rather than the sufficiency of the evidence, when his argument is direct entirely to the credibility of the Commonwealth's chief witness). Thus, we dismiss his sufficiency challenge to the Commonwealth's evidence as meritless.

Bates also raises a weight claim as his second issue on appeal. In ruling on a claim challenging evidentiary weight, our standard of review is more attenuated than on a sufficiency challenge, as we may adjudge only the trial court's exercise of discretion in refusing the defendant's challenge:

> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Commonwealth v. Stays, 70 A.3d 1256, 1267-68 (Pa. Super. 2013) (citations omitted).

Mindful of our deferential standard of review, we find no basis for relief. The trial court rejected Bates' claim because, once again, the credibility of the witnesses was exclusively for the fact finder, which, in this case, was the trial court itself. Thus, the merit of Bates' claim that "the Commonwealth's evidence was riddled with inconsistencies on critical factual questions" was a determination to be made by the trial court. Bates' Brief at 11. In addressing Bates' weight issue, the trial court found that Bates' convictions were "not so contrary to the evidence as to shock one's sense of justice." Trial Court Opinion, 5/18/18, at 9. Because we discern no abuse of discretion, Bates' second issue fails.

In his remaining claim, Bates challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa. Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Bates filed a timely notice of appeal, preserved his claim in a post-sentence motion, and included a concise Pa.R.A.P. 2119(f) statement for allowance of appeal in his brief. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

Bates' Rule 2119(f) statement argues his sentence was manifestly excessive and clearly unreasonable, because it was not individualized to meet his needs. The trial court found that Bates did not raise a substantial question, because he essentially challenged the weight the trial court assigned certain mitigating factors, and a substantial question regarding the trial court's choice of consecutive sentencing is found in only "extreme circumstances" not present here. See Trial Court Opinion, 5/18/18, at 10-11.

Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shull, 148 A.3d 820 (Pa. Super. 2016) (citation omitted).

This court has previously held that a substantial question exists where an appellant alleged that the trial court failed to consider the defendant's individualized needs when fashioning a sentence. Commonwealth v.

Serrano, 150 A.3d 470, 473 (Pa. Super. 2016).  Under Serrano, we find that Bates has raised a substantial question and grant him a review of his sentence on the merits.

However, Bates is not entitled to relief.  As the trial court further explained:

> this trial court properly imposed standard range sentences that were appropriate in light of the individualized facts of the underlying incident while also considering aggravating and mitigating circumstances.  Specifically, at the time of sentencing, this trial court considered the thorough pre-sentence investigation report, the Pennsylvania Guidelines on Sentencing, the Pennsylvania Sentencing Code, [Bates'] age, the seriousness of the offenses, the facts and nature and circumstances of the offenses, the protection of society, [Bates'] rehabilitative needs, the sincerity of his remorse, and that the undersigned judge was also the presiding trial judge.  Based on the foregoing, [Bates] has no basis to challenge his standard range sentence.

Trial Court Opinion, 5/18/18, at 11.

Our review of the sentencing transcript supports the trial court's conclusion that the record refutes Bates' discretionary challenge to his sentence.  This Court has held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."  Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011).  Under such circumstances, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'"  Id. (quoting Commonwealth v. Devers, 546 A.2d 12 (Pa. 1988)).

Thus, the trial court did not abuse its discretion in sentencing Bates.

In sum, Bates' challenges to the sufficiency and weight of the evidence supporting his convictions are without merit. Further, the trial court did not abuse its discretion in fashioning Bates' sentence. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019