**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM THOMAS BEATTIE | : | |
| | : | |
| Appellant | : | No. 698 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002491-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM THOMAS BEATTIE | : | |
| | : | |
| Appellant | : | No. 699 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002492-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED:  MAY 24, 2022**

William Thomas Beattie appeals from the judgment of sentence imposed following his open guilty plea, at two separate docket numbers,[1] to possession with the intent to deliver controlled substance (fentanyl), criminal conspiracy

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court issued an order consolidating his appeals on August 2, 2021.

to deliver a controlled substance (fentanyl), possession with the intent to deliver a controlled substance (heroin), and criminal use of a communications facility.[2] For these offenses, Beattie received an aggregate sentence of two-and-one-half to five years of incarceration. On appeal, Beattie solely contends that the lower court abused its discretion by crafting an excessive sentence. We conclude that there was no abuse of discretion and affirm.

As best can be discerned from the record, the charges Beattie pleaded guilty to stem from two discrete, yet somewhat interrelated, events.

In the first instance, apparently at the request of an undercover officer, Beattie purchased heroin that had been laced with fentanyl from another person and delivered the substance to the officer. Following delivery, Beattie and that officer exchanged phone numbers.

Approximately four days later, as the second occurrence, Beattie and the same officer communicated via their cellular phones. During that interaction, they established a meeting for the purpose of again selling drugs to that officer. Beattie then acquired more heroin and delivered it.[3] Beattie "facilitated the purchase of what proved to be two $20 baggies of heroin." Appellant's Brief, at 7.

After being charged with the aforementioned offenses, Beattie entered

---

[2] **See** 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903(a)(1), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 7512(a), respectively.

[3] We are sympathetic to Beattie's purported condition at the time. **See** Appellant's Brief, at 6 ("Beattie was homeless. He was in poor health. He was desperate for a bit of money to eat.").

into an open guilty plea. Upon hearing from both Beattie and the Commonwealth, the court, apprised of Beattie's pre-sentence investigation report, sentenced him to an aggregate term of two-and-one-half to five years of incarceration.

Thereafter, Beattie filed a timely post-sentence motion, which was correspondingly denied. Beattie then timely filed a notice of appeal to this Court. The relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925. As such, this appeal is ripe for our review.

On appeal, Beattie asks:

1. Was a sentence of two-and-one-half to five years of incarceration manifestly excessive under the circumstances and an abuse of the court's discretion?

*See* Appellant's Brief, at 5.

As Beattie presents a challenge to the discretionary aspects of his sentence, we note our well-settled standard that we use to evaluate such claims. We first emphasize that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Moye***, 266 A.3d 666, 676-77 (Pa. Super. 2021) (citation omitted).

- 3 -

However, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). Accordingly, "[a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id**.

Sufficient compliance with the four-part test requires a demonstration that:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). Specifically, a "substantial question" requires an appellant to set "forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted). If an appellant meets his burden under the four-part test, we then review the underlying discretionary aspects of sentencing issue predicated on an abuse of discretion standard. **See Commonwealth v. Akhmedov**, 216 A.3d 307, 328-29 (Pa. Super. 2019) (*en banc*).

Beattie has satisfied the first three requirements necessary for review. In particular, our assessment of the record confirms that Beattie raised his

claim challenging the discretionary aspects of his sentence in his post-sentence motion, filed a timely notice of appeal, and has included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. *See, e.g*., Appellant's Brief, at 10-14. Now, we must consider whether Beattie has presented this Court with a substantial question.

Beattie avers that his sentence "was manifestly excessive because the [c]ourt abused its discretion by imposing unduly harsh sentences when considering [his] circumstances and the nature of the offenses." *Id*., at 11. Beattie cites to the sentencing code, which requires the court to impose a sentence that is "consistent with … the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and on the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Beattie then enumerates the criteria a court is to employ in the event it seeks to impose total confinement. *See* 42 Pa.C.S.A. § 9725 (requiring, *inter alia*, consideration of the "condition of the defendant"). However, Beattie believes that the court "primarily directed its attention to the gravity of the offenses and [his] criminal record." Appellant's Brief, at 13.

Our Court has determined in other cases that a claim contending the court focused on the seriousness of an offense, at the expense of ignoring the individual disposition of the defendant, raises a substantial question. *See, e.g.*, *Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) (holding that a substantial question was presented when that appellant asserted the lower court failed to consider his individualized needs);

- 5 -

*Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (determining there to be a substantial question when the court focused on the seriousness of that appellant's offense, but did not consider his rehabilitative needs). In finding a substantial question, we proceed to review the merits of Beattie's discretionary sentencing claim.

Although probably more germane to the argument section of his brief, Beattie, in the latter half of his 2119(f) statement, provides an overview of his life, stating that: (1) he never knew his biological father; (2) his stepfather was an alcoholic; (3) he burned his face at a young age; (4) he started consuming marijuana in his teenage years; (5) he fell off of a roof and became addicted to pain medication; (6) he suffers from chronic pain and diabetic neuropathy; and (7) he has received "significant mental health treatment." Appellant's Brief, at 11-12. Beattie also highlights his sparse criminal record over the past few decades, his volunteer work, and his taking of full responsibility for his actions in the present matters. *See id*., at 12-13.

In his actual argument section, Beattie, among other things, states that "he had not been convicted of any crime more serious than a misdemeanor of the third degree in nearly two decades prior to [these] offense[s]." *Id*., at 17. To that end, Beattie "has never been convicted of a violent offense." *Id*. Moreover, Beattie, although he struggled with addiction, sought help for his affliction by engaging in both inpatient and outpatient treatments. *See id*., at 18. Having presented this voluminous biographical information, Beattie states

that his "history and character auger against" the sentence that he received. *Id.*, at 17.

On appeal, this Court is to consider the nature of the circumstances of the crime, the history and characteristics of the defendant, the sentencing court's findings as well as the court's opportunity to observe the defendant, including through presentence investigation, and the sentencing guidelines. *See* 42 Pa.C.S.A. § 9781(d).

Beattie is correct insofar as the code requires sentencing courts to consider the public's protection, the offense's gravity as it relates to both the victim and community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b) (establishing, further, that the court "shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed[]"). However, "[w]here the sentencing court had the benefit of a presentence investigation report … we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation and internal quotation marks omitted).

Here, the sentencing court was in possession of a pre-sentence investigation report and, as to that report, inquired whether Beattie or the Commonwealth had "any additions or corrections[.]" Sentencing Hearing, 4/26/21, at 3. Paralleling the specific examples given in his brief, the court heard information related to Beattie's history and character. As the court

summarized in its opinion, Beattie's "lack of employment, current health issues, time period of convictions, and community service were highlighted for the [c]ourt to consider." Trial Court Opinion, 9/13/21, at 4 (unpaginated) (citation to the sentencing hearing omitted). The court also heard from the Commonwealth, which took the position that, in a "repeat sale," Beattie sold "two of the most dangerous drugs." Sentencing Hearing, 4/26/21, at 3.

Ultimately, the court sentenced Beattie within the standard range of the guidelines. *See Moury*, 992 A.2d at 171 ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the [s]entencing [c]ode.") (citation omitted). Although it acknowledged that most of Beattie's criminal history was years old, it "noted it was particularly concerned of [his] extended period of drug-related activity." Trial Court Opinion, 9/13/21, at 4 (unpaginated) (citation to the sentencing hearing omitted). In addition, the court "expressed concern for the detrimental community impact that occurred due to [Beattie's] actions." *Id*. The court's observation and discussion of these particulars is well-reflected at sentencing. *See, e.g.*, Sentencing Hearing, 4/26/21, at 6-8, 12-13.

Our review of the sentencing transcript in tandem with the court having had the benefit of a pre-sentence investigation report leads us to the conclusion that the court considered all of the relevant sentencing factors and appropriately described its reasons for imposing the at-issue aggregate sentence. It is evident that the sentencing court chose not to give the mitigating factors Beattie presented as much weight as he would have liked.

However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Although Beattie outlines what a court is required to consider in sentencing decisions and separately describes mitigating factual reasons he believes the court should have relied upon to reduce his sentence, he has provided no authority to demonstrate an erroneous application of those legal dictates to the specific facts that are present in this case. Given the wide latitude afforded to courts in fashioning a standard-range sentence, Beattie has failed to prove that the court abused its discretion in imposing his aggregate sentence. Consequently, we are constrained to affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2022