J-S17025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK J. GWOZDZ | : | |
| | : | |
| Appellant | : | No. 2246 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 16, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003901-2019

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 9, 2022**

Mark J. Gwozdz appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Northampton County, following his conviction of terroristic threats.[2] After review, we affirm.

The trial court summarized the factual history as follows:

[Gwozdz] was charged in a one[-]count criminal information with making terroristic threats with intent to terrorize another. The [] victim was [Gwozdz]'s wife ("Wife"). Trial testimony established that at the time of this incident [Gwozdz] worked as a police officer in Washington Township, Northampton County, Pennsylvania.

---

[1] Gwozdz purports to appeal from the September 22, 2021 order denying his motion for reconsideration of sentence/post-trial motions; however, "[i]n a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2011) (en banc) (citation omitted). Instantly, Gwozdz's judgment of sentence was entered on June 16, 2021.

[2] 18 Pa.C.S.A. § 2706(a)(1).

Wife testified that on October 4, 2019, the parties were contemplating divorce when they met in the marital home to discuss equitable distribution issues, including the payment of marital debt. According to the testimony, [Gwozdz] believed Wife was failing to meet her obligation to pay monies towards the parties' RCN internet bill. The parties also argued about the disposition of vacation property in Florida. Wife testified that while she was in the bathroom, [Gwozdz] stood in the doorway and . . . told her "[h]e is not going to go through this again . . . . I will kill you before I give you anything . . . [and] I should have put a bullet in the other c[***]'s head." Wife claimed [Gwozdz]'s statements terrorized her. Shortly after making the [] threats, [Gwozdz] left the home and Wife [] called 9-1-1.

The local police department (Roseto Borough) responded and eventually [charged Gwozdz] with terroristic threats. [Additionally, at trial, Gwozdz] testified that he made no such threats to Wife.

Trial Court Opinion, 11/10/21, at 1-2.

On May 3, 2021, Gwozdz proceeding to a two-day jury trial, after which the jury convicted him of terroristic threats. The trial court postponed sentencing and ordered the preparation of a pre-sentence investigation report (PSI).

On June 16, 2021, the trial court conducted a sentencing hearing. At the sentencing hearing, the Commonwealth argued that Gwozdz violated his professional responsibilities as a police officer and should be sentenced at the top of the aggravated range, a four-month prison sentence. After considering arguments and the PSI, the trial court sentenced Gwozdz to a standard range, 12-month period of probation. Additionally, the trial court ordered that Gwozdz participate in anger management, have no contact with Wife, and pay a $250.00 fine.

On June 28, 2021, Gwozdz filed a timely motion for reconsideration of sentence/post-trial motions. The trial court treated this filing as multiple motions and, on July 14, 2021, entered an order denying Gwozdz's request for reconsideration of sentencing. Subsequently, on September 22, 2021, the trial court entered an order denying Gwozdz's post-trial motions.[3]

On October 12, 2021, Gwozdz filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Gwozdz now raises the following claims for our review:

[1.] Whether the evidence was insufficient as a matter of law to establish beyond a reasonable doubt that [Gwozdz] was guilty of the crime charged so as to convict him[.]

[2.] Whether the verdict of the jury is against the weight of the evidence as it is so weak and inconclusive that no probability of fact essential to any charge could be drawn as a matter of law[.]

[3.] Whether . . . [t]he court erred as a matter of law and/or abused its discretion in failing to declare a mistrial in the instant matter when the Commonwealth attempted to shift the burden of proof on[to Gwozdz] to prove his innocence when the Commonwealth argued, in the presence of the jury, that [Gwozdz] should have reached out to police to prove his innocence.

[4.] Whether the sentence imposed by th[e trial court] is manifestly excessive and unreasonable and whether the court erred as a matter of law and/or abused its discretion in denying [Gwozdz's] motion for judgment of acquittal, motion in arrest of judgment and motion for new trial.

Brief for Appellant at 4-5.

---

[3] We note that even though the trial court denied Gwozdz's motion for reconsideration of sentence on July 14, 2021, Gwozdz's judgment of sentence, nevertheless, did not become final until the denial of his post-trial motions, which were denied on September 22, 2021.

Preliminarily, Gwozdz baldly asserts that there was insufficient evidence to sustain his conviction; however, beyond including a boilerplate standard of review, Gwozdz cites to no authority, or to anywhere in the record, to support his claim. *See* Brief for Appellant, at 28-31; *see also* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here any appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Indeed, Gwozdz does not even identify which element of terroristic threats, if any, the Commonwealth failed to prove. Accordingly, we conclude that Gwozdz has waived his challenge to the sufficiency of the evidence.

Moreover, even if Gwozdz had not waived this claim, we would conclude that the Commonwealth had presented sufficient evidence to support his conviction of terroristic threats. *See* N.T. Jury Trial, 5/3/21, at 37 (Wife testifying that Gwozdz threatened to kill her); Order Denying Post-Trial Motions, 9/22/21, at 5-7 (trial court concluding sufficient evidence presented to sustain each element of terroristic threats, jury found Wife's version of events to be credible, and found Gwozdz's testimony to be incredible). Thus, even if Gwozdz had properly developed this claim, we would afford him no relief.

In Gwozdz's second claim, he challenges the weight of the Commonwealth's evidence. However, similar to his sufficiency claim, Gwozdz provides no citations to the record or case law to support his claim, beyond the boilerplate standard of review. *See* Brief for Appellant, at 32-34. Accordingly, this claim is also waived. *See Johnson*, *supra*; Pa.R.A.P. 2119(a).

In his third claim, Gwozdz contends that the trial court should have *sua sponte* declared a mistrial when the Commonwealth inappropriately shifted the burden of proof to Gwozdz. Brief for Appellant, at 35-41. In particular, Gwozdz directs our attention to the following exchange:

> Q:    And as a police officer, you are aware that you could have contacted the DA's Office at any point to make a statement?
>
> [Defense Counsel]:  Objection.

N.T. Jury Trial, 5/4/21, at 22. Gwozdz argues that this exchange warranted a *sua sponte* mistrial from the trial court. Brief for Appellant, at 36-38. Gwozdz further asserts that the trial court "felt strongly that the Commonwealth had attempted to shift the burden of proof upon [Gwozdz.]" *Id.* at 40-41.

We adhere to the following standard of review:

> It is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision. Where there exists manifest necessity for a trial judge to declare a mistrial *sua sponte*, neither the Fifth Amendment to the United States Constitution, nor Article I, § 10 of the Pennsylvania Constitution will bar retrial.

\* \* \*

We do not apply a mechanical formula in determining whether a trial court had a manifest need to declare a mistrial. Rather, varying and often unique situations arise during the course of a criminal trial . . . [and] the broad discretion reserved to the trial judge in such circumstances has been consistently reiterated[.]

\* \* \*

[Indeed,] there can be no rigid rule for finding manifest necessity since each case is individual. Moreover, as a general rule, the trial court is in the best position to gauge potential bias and deference is due [to] the trial court when the grounds for the mistrial relate to jury prejudice.

***Commonwealth v. Walker***, 954 A.2d 1249, 1254-56 (Pa. Super. 2008) (en banc) (some internal citations and quotation marks omitted); ***see also*** Pa.R.Crim.P. 605(B) ("When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise the trial judge may declare a mistrial only for reasons of manifest necessity.")

In its order denying Gwozdz's post-trial motions, the trial court addressed this claim as follows:

[D]uring the District Attorney's cross examination of [Gwozdz], she asked . . . "And as a police officer, you are aware that [you] could have contacted the DA's office at any time to make a statement?" [N.T. Jury Trial, 5/4/21, at 22.] Defense Counsel immediately objected. We brought counsel to side[-]bar and sustained the objection. [At sidebar, w]e warned the Commonwealth that it appeared the question was an inappropriate attempt to use [Gwozdz]'s right to remain silent against him. We noted that even though he was a police officer, [he] enjoyed the same Constitutional right to remain silent as civilian defendants and had no obligation to speak to fellow police officers who were investigating his wife's criminal complaint against him.

- 6 -

Further, other than making a general objection, there was no request from defense counsel for a mistrial.

It is important to note that we were never given the opportunity to rule on a request for mistrial. Certainly, we were not about to grant a mistrial *sua sponte*, without the defense counsel's request. Ultimately, . . . this error . . . is not preserved in the trial record.

\* \* \*

We further note that had defense counsel actually requested a mistrial, we would have likely denied the same as counsel's objection was timely, immediate, and no further inquiry was pursued by the Commonwealth as [it] abandoned [its] intent to apparently chastise [Gwozdz] for not voluntarily providing his statement to the investigate[ng] police officer. Therefore, . . . the Commonwealth's inquiry did not blossom into an improper attempt to use [Gwozdz]'s silence against him.

Finally, the record also established that the objected [to] question was the only reference or attempt to address [Gwozdz]'s right to remain silent, as the Commonwealth did not raise the matter again in questions or during their closing argument. Therefore, we believed that the improper question did not expose [Gwozdz] to any significant prejudice that would warrant the grant of a mistrial.

Order Denying Post-Trial Motions, 9/22/21, at 10-12.

Upon our review, we discern no abuse of discretion in the trial court's decision to not declare a mistrial *sua sponte*. **See Walker**, **supra**. Indeed, as noted by the trial court, the Commonwealth asked an objectionable question and, upon defense counsel's objection, it was sustained. **See** Order Denying Post-Trial Motions, 9/22/21, at 10-11; N.T. Jury Trial, 5/4/21, at 22-23. Thereafter, the Commonwealth abandoned that line of questioning and did not revisit it, even in closing arguments. **See** Order Denying Post-Trial

Motions, 9/22/21, at 10-11. Accordingly, we conclude that the trial court did not abuse its discretion, and Gwozdz is not entitled to relief on this claim.

In his fourth claim, Gwozdz challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. **See Commonwealth v. Austin**, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Instantly, Gwozdz filed a timely notice of appeal, post-sentence motion, and has included a 2119(f) statement in his brief. Additionally, Gwozdz's claim that the trial court ignored the sentencing factors pursuant to 42 Pa.C.S.A. § 9721(b), and improperly focused on the seriousness of his offense, raises a substantial question. Brief for Appellant, at 41, 45; **see Commonwealth v. Serrano**, 150 A.3d 470, 473 (Pa. Super. 2016) (finding substantial question where appellant claimed trial court failed to consider his individualized needs);

***Commonwealth v. Coulverson***, 34 A.3d 135, 143 (Pa. Super. 2011) (finding substantial question where appellant argued trial court focused on seriousness of offense and did not consider rehabilitative needs). Accordingly, we will review the merits of Gwozdz's discretionary sentencing claim.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived as a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.

Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id.*

Instantly, the trial court had the benefit of a PSI. N.T. Sentencing Hearing, 6/16/21, at 2. "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing al relevant factors." *Id.*; *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where a sentencing judge considered PSI, it is presumed that they are "aware of relevant information regarding [] defendant's character and weighed those considerations along with [] mitigating statutory factors.").

In its order denying Gwozdz's post-trial motion, the trial court stated:

On June 16, 2021, we imposed sentence. [Gwozdz] had a zero prior record score, with an offense gravity score of 3. The misdemeanor one charge carried a maximum possible sentence of 5 years, and a standard range of RS to 1 month, with plus or minus 3 months in the aggravated and mitigated ranges. The important sentencing factors were reviewed on the record and included: (1) [Gwozdz] was a police officer, had been employed by various local police departments for many years, and he had no history of workplace misconducts; (2) [Wife] and [Gwozdz] were husband and wife, embroiled in a difficult divorce

- 10 -

proceeding; (3) [t]he incident occurred during a contentious discussion regarding marital debt and the division of marital property; (4) [a]lthough the criminal event can be described as a form of domestic violence, there was no physical altercation, no physical injuries, and no weapon was displayed; (5) [b]ecause [Gwozdz] was a police officer at the time that he [] made his threatening statements, he did have access to a gun to carry out his threat; (6) [Gwozdz] had a zero prior record score. Given that record and the expectation that the parties were expected to continue to have significant interaction during their contentious divorce, we believed that an appropriate sentence would be 12 months of probation with direction that [Gwozdz] complete and anger management program and have no contact with the victim outside their litigation. Further, our dominate concern was that the parties were going to have continued interaction to resolve the equitable distribution of their marital estate and therefore, the victim would continue to be in the presence of [Gwozdz]. Thus, we wanted to assure the victim that all future interaction through the [c]ourt system would be civil and free of intimidation and/or antagonistic communication from [Gwozdz]. We also fined [Gwozdz] $250.00, which fine was directed to the Domestic Violence Unit of the District Attorney's Office.

\*　　\*　　\*

We reviewed the record carefully. We were concerned about [Gwozdz's] status as a police officer. Still, this factor . . . cut both ways [] as [Gwozdz] was a police officer who should have known better than to threaten to shoot his wife over a dispute about finances; however, [Gwozdz] also had an unblemished record over his many years as a police officer. Further, [t]his was his first offense and there had been no history of domestic violence between the parties prior to this incident. Therefore, we believe that [Gwozdz] could be maintained on probation so long as he addressed potential treatment needs with regard to anger management issues.

\*　　\*　　\*

Our sentencing was at the very bottom of the standard range, with no incarceration, much to the chagrin of the Commonwealth as the prosecuting attorney vehemently argued for incarceration.

Order Denying Post-Trial Motions, 9/22/21, at 3-4, 14-16.

- 11 -

Our review confirms that the trial court considered all of the relevant sentencing factors, and appropriately set forth its reasons for imposing a 12-month probation period. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (appellate court cannot re-weigh sentencing factors in place of trial court merely because trial court did not weigh factors as defendant would have liked). Moreover, as indicated above, the trial court had the benefit of a PSI, which it expressly stated that it had considered. *See* N.T. Sentencing Hearing, 6/16/21, at 2- 5 (wherein trial court stated it had considered Gwozdz's PSI and summarized it on record); *see also Ventura*, *supra*; *Devers*, *supra*. Therefore, we conclude that the trial court did not abuse its discretion in imposing Gwozdz's sentence, and that Gwozdz's challenge to the discretionary aspects of his sentence is without merit. *See* 42 Pa.C.S.A. § 9721(b); *see also Robinson*, *supra*.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2022