J-A20044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE WOODEN | : | |
| | : | |
| Appellant | : | No. 2241 EDA 2021 |

Appeal from the PCRA Order Entered October 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009452-2007

BEFORE:  BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 23, 2022**

Steve Wooden (Wooden) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) granting in part and denying in part his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

**I.**

In 2008, Wooden entered an open guilty plea to one count each of attempted rape and robbery.[1]  Because he had a prior robbery conviction, Wooden was told during his on-record colloquy that he was a second-strike offender facing 10 to 20 years' imprisonment on each offense.  After Wooden

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a)/3121(a)(1) and 3701(a)(1).

acknowledged he understood, the trial court accepted his plea and deferred sentencing for a presentence investigation (PSI) and a mental health evaluation. At sentencing, the trial court determined that Wooden was a sexually violent predator (SVP) and sentenced him to consecutive terms of 10 to 20 years' imprisonment for each offense, giving him an aggregate sentence of 20 to 40 years. This Court affirmed the judgment of sentence on direct appeal. ***Commonwealth v. Wooden***, 38 A.3d 911 (Pa. Super. 2011) (unpublished memorandum). Wooden did not seek discretionary review in the Pennsylvania Supreme Court.

Wooden timely filed this, his first, PCRA petition in November 2012. For reasons not germane here, his petition dragged on for several years until the PCRA court dismissed it without hearing in February 2018. This Court, however, reversed because Wooden was never given notice of the intent to dismiss under Pa.R.Crim.P. 907. ***Commonwealth v. Wooden***, 215 A.3d 997, 1000-01 (Pa. Super. 2019).

After the case was remanded, Wooden filed an amended petition raising three issues. First, he asserted that he pleaded guilty involuntarily because plea counsel misadvised him that he would be sentenced to 5 to 10 years' imprisonment. Second, he alleged that plea counsel failed to investigate mitigating evidence about his mental health issues and the medication that he was taking. Third, he complained that he was designated an SVP and ordered to comply with the registration requirements under Megan's Law III, which

the Pennsylvania Supreme Court later struck down as unconstitutional in ***Commonwealth v. Neiman***, 84 A.3d 603, 616 (Pa. 2013).

The Commonwealth responded that Wooden's ineffectiveness claim about his plea was belied by not only his written guilty colloquy setting out the possible maximum sentences, but also his on-record colloquy in which he was told he faced a minimum 10 to 20 years' imprisonment. Next, addressing plea counsel's alleged failure to present mitigating mental health evidence at sentencing, the Commonwealth argued that the trial court was aware of Wooden's mental health and medications. Finally, on the sentencing claim, the Commonwealth did not object to a limited resentencing on his reporting requirements under Subchapter I of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51-9799.75. On this final point, Wooden replied that, given that the Commonwealth conceded that he was entitled to relief on the reporting requirements aspects of his sentence, he should receive a new sentencing hearing.

The PCRA court disagreed and issued Rule 907 notice of its intent to dismiss the petition without hearing. After receiving Wooden's response, the PCRA court entered its final order on October 19, 2021, formally dismissing his two ineffectiveness claims but granting relief on the sentencing claim by

reclassifying him as a non-SVP and lowering his reporting requirement to ten years under Subchapter I of SORNA.[2]

Wooden timely filed this appeal and now raises three issues for our review, which we have reordered:

1. Whether the PCRA court's dismissal of Mr. Wooden's petition without a hearing was erroneous insofar as there was record support for Mr. Wooden's claim that his attorney gave him incorrect advice regarding the length of the sentence he was likely to receive?

2. Whether the PCRA court's dismissal of the PCRA without a hearing was erroneous insofar as the failure of plea counsel to investigate and present mitigating evidence of Mr. Wooden's mental health issues (if proven) would have entitled Mr. Wooden to relief?

3. Whether the PCRA court erred when it deferred to the initial sentencing court's judgment and limited the scope of Mr. Wooden's resentencing to registration conditions rather than conducting an entirely new sentencing hearing?

Wooden's Brief at 9.[3]

_____

[2] See 42 Pa.C.S. § 9799.53 (defining a "sexual violent offense" as a "a criminal offense specified in section 9799.55 (relating to registration) committed on or after April 22, 1996, but before December 20, 2012, for which the individual was convicted"); § 9799.55(a)(2) (providing for ten-year registration for individuals convicted of an attempt, conspiracy or solicitation of certain enumerated offenses, including rape).

[3] We review the decision to deny PCRA relief to determine whether the decision "is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted). Where the PCRA court declined to hold an evidentiary hearing, we consider whether the petition presented any genuine issues of material fact that warranted a hearing. **Id.** We review the court's legal conclusions *de novo*. **Id.**

## II.

In the first two issues, Wooden contends that he pleaded and proved meritorious claims of ineffective assistance of counsel concerning his plea counsel. "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018). "Prejudice, in this context, has been repeatedly stated as requiring proof that but for counsel's action or inaction, there was a reasonable probability that the proceeding would have had a different outcome." *Commonwealth v. Diaz*, 226 A.3d 995, 1007 (Pa. 2020). The "reasonable probability" test is "less demanding than the preponderance standard." *Commonwealth v. Little*, 246 A.3d 312, 326 (Pa. Super. 2021) (quotations omitted).

Additionally,

[a]lthough those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1984)).

When analyzing an ineffective assistance of counsel claim, "failure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." *Commonwealth v. Robinson*, 877

- 5 -

A.2d 433, 439 (Pa. 2005) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). Finally, we presume that counsel has rendered effective assistance. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015).

**A.**

Wooden argues that he should have been given an evidentiary hearing on his ineffectiveness claim about the voluntariness of his plea. As discussed, Wooden alleged in his amended petition that plea counsel led him to believe that he would likely receive a sentence of 5 to 10 years' imprisonment, rather than consecutive sentences of 10 to 20 years on each offense. *See* Amended PCRA Petition, 8/13/20, at ¶¶ 5-7.

"Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea." *Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa. Super. 2020) (cleaned up; citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citation omitted).

> Once a defendant has entered a plea of guilty, it is presumed that
> he was aware of what he was doing, and the burden of proving

involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted). To determine whether a plea was knowingly, voluntarily and intelligently entered, the court must inquire into six areas. *See* Pa.R.Crim.P. 590, *cmt* (plea court must question the defendant regarding whether he understands the nature of the charges, the factual basis for the plea, his right to a jury trial, the presumption of innocence, the permissible sentencing ranges, and that the court has the right to reject the agreement).

After reviewing the record, we find the PCRA court correctly dismissed Wooden's claim without hearing. First, as the PCRA court highlighted, Wooden completed a written guilty plea colloquy in which the cover sheet listed the permissible range of sentences. Under the section for incarceration, both offenses list the permissible minimum and maximum as 10 to 20 years. Additionally, under the section for the plea and whether there was any agreement as to sentence, both offenses are listed as "open," meaning that there was no agreement between Wooden and the Commonwealth as to what the sentence would be. The cover sheet to the plea colloquy appears below, showing that Wooden was warned of the minimum sentence:





Commonwealth of Pennsylvania
First Judicial District of Pennsylvania
County of: Philadelphia
1st Judicial District

**COMMONWEALTH OF PENNSYLVANIA**
v.

**Colloquy for Plea of Guilty / Nolo Contendere**

Docket No: CP 51 CR 0009452

I, STEVEN WOODEN, the defendant in the above-captioned case, am charged with the following offense(s): ATTEMPTED RAPE, ROBBERY Rape, Sexual Assault, Unlawful Restraint, Theft, RSP, Indecent Assault, Simple Assault False Imp. REAP

It is my desire to enter a plea to the following offense(s) as set forth below:

| Offense | Plea | Permissible Range of Sentence | | | |
| | | Incarceration | | Plea | |
| | | Minimum | Maximum | Minimum | Maximum |
| ATTEMPTED RAPE F₁ | Guilty | 10 | 20 | OPEN | |
| ROBBERY F₁ | Guilty | 10 | 20 | OPEN | |
| | | | | | |
| | | | | | |

☐ Additional Pages Attached

I understand the nature of the charges to which I am pleading guilty/nolo contendere.

I acknowledge that there is a factual basis for this plea.

I understand that I have a right to a trial by jury.

I understand that I am presumed innocent until I am proven guilty.

I am aware of the permissible range of sentences and/or fines for the offense(s) with which I am charged.

I understand that the judge is not bound by the terms of any plea agreement between myself, my attorney, and the attorney for the Commonwealth unless the judge accepts such agreement.

I voluntarily and understandingly make this plea of _____.

_Steve Wooden_
Signature of Defendant

4-14-08
Date

CP-51-CR-0009452-2007 Comm. v. Wooden, Steve T.
Guilty Plea - Non-Negotiated

||||||||||||||||||||||||| 08
2220431861

Printed: 4/8/2008  9:46 AM

Guilty Plea Colloquy, 4/14/18, at 1.

Second, at the guilty plea hearing, plea counsel reviewed the possible sentences that could be imposed based on Wooden entering an open guilty plea to attempted rape and robbery, both of which were first-degree felonies.

> MR. CONROY: And it has been agreed to between myself, yourself, and the district attorney. And in that agreement, you are to plead guilty to attempted rape in the first degree, and robbery in the first degree. Now, on both of these charges you can receive 10 to 20 years. Now, there has been no agreement

between myself, yourself, and the district attorney as to how many of those years you are to serve. That is going to be solely left up to the Judge as part of the agreements, okay?

THE DEFENDANT: Yes.

MR. CONROY: Now, they can run that what's called "consecutively" 10 to 20, and then 10 to 20; or they can run "concurrently" together, 10 to 20. So they can combine the cases to make it 10 to 20, or they can go from end to end and you could serve up to 40 years of incarceration. Do you understand that?

THE DEFENDANT: Yes.

N.T., 4/14/08, at 4-5.

In fact, at the end of the colloquy, the Commonwealth interjected to confirm that Wooden understood that he would be sentenced to nothing lower than 10 to 20 years.

MR. DAVIS: Your Honor, could I ask one question before we move away from the colloquy stage?

THE COURT: Yes.

MR. DAVIS: Mr. Wooden, I'm Bill Davis, the assigned ADA prosecuting your case. You may have already talked to your lawyer about this, but I just want to make sure that the record is clear: You do know that the minimum sentence that you could get because of your prior record is 10 to 20 years in this case. Do you understand that?

THE DEFENDANT: Yes.

MR. DAVIS: And you're aware that it's up to the Judge to go above that or impose that, but he can't go below that. Do you understand that?

THE DEFENDANT: Yes.

*Id.* at 10.

Wooden argues that his plea was involuntary because plea counsel assured him a sentence that was not reflected in the colloquy. Wooden, however, is bound by the statements he made during his guilty plea colloquy and cannot now argue that his statements under oath were false. **See McCauley**, **supra** ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). Moreover, even if plea counsel has misinformed Wooden about what sentence—a claim directly contradicted by the above on-record colloquy with counsel—Wooden's misapprehension was dispelled by the Commonwealth's clear warning that he would receive a minimum sentence of 10 to 20 years. Despite hearing this, Wooden said nothing, even though this would have presumably conflicted with what his plea counsel had assured him would be his likely sentence. As a result, we find his claim did not raise a genuine issue of fact.

**B.**

Wooden's other ineffectiveness claim asserted that plea counsel should have investigated and presented mitigating evidence about his mental health treatment and medication at sentencing. Wooden believes he was prejudiced by counsel's failure to do so because there is a reasonable probability that the trial court would have sentenced him to concurrent sentences of 10 to 20 years for each offense if it had been presented with the mitigating evidence.

We note, however, that Wooden does not discuss or explain what this alleged mitigating mental health evidence was in his brief in support of this claim. We also note that he not did append or attach any mental health records to his amended petition. Instead, he appended only an affidavit in which he claimed:

> [Plea counsel] at his time of representing me never during that time sought to get any of the information I gave him pertaining to my being seen by a Therapist or Psychologist at 64 and Woodland Ave where he could have verified that not only was I being treated [there] for P.T.S.D. but also depression and drug treatment as well as placed on the following three medications, 1. [Risperdal]. 2. Invega, 3. [Wellbutrin] XR. Nor did he reach out to my family members to verify the two attempted suicides where I was taken to Pennsylvania Hospital in 2007, as well Mercy [H]ospital in Southwest [Philadelphia] also in 2007. As well he would have found out what sent me on this breakdown.

Wooden Sworn Affidavit (Exhibit to Amended Petition), 7/11/20, at 1.

A PCRA petition must include facts supporting the petition and identify the place in the record where they appear; to the extent they do not appear in the record, the petition must include affidavits, documents and other evidence showing such facts. *See* Pa.R.Crim.P. 902(A)12 and (D). Here, Wooden alleges that plea counsel was ineffective for failing to obtain mental health records that he himself was unwilling to obtain in support his PCRA petition.

To that end, besides failing to cite any case law in his one-page, two-paragraph argument in support of his claim, Wooden also fails to specify what information about his mental health would not have been included in either

- 11 -

the PSI or the mental health evaluation that were completed before his sentencing in October 2008. Where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101–02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Because Wooden has failed to show what mitigating information was not presented at sentencing that would have likely resulted in a different outcome, we find no error in the PCRA court's dismissal of his second ineffectiveness claim.

## III.

Finally, Wooden argues that he should have received a new sentencing hearing and been resentenced because his reporting requirements were imposed on by our Supreme Court, which held Megan's Law III to be unconstitutional in *Neiman*. In his view, *Neiman* rendered his entire sentence illegal—including his term of imprisonment—thus requiring a new sentencing hearing at which he should be permitted to argue anew that he received concurrent sentences of 10 to 20 years based in part on his rehabilitation in prison.

In support of this argument, Wooden cites **Commonwealth v. Serrano**, 150 A.3d 470 (Pa. Super. 2016). There, the defendant was convicted of various drug offenses and eventually sentenced to an aggregate 26 to 52 years' imprisonment. This Court determined that his sentence was illegal in light of the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99 (2013), which held that facts which increase the mandatory minimum sentence are an element of the offense which must be submitted to the jury and found beyond a reasonable doubt. On remand, the original sentencing judge was replaced by a new judge for the resentencing. The new judge ordered an updated PSI but imposed the same sentence as the original judge by relying on the original sentencing judge's determination rather than conducting an independent review of the evidence presented at the resentencing. On appeal, this Court found that this was an abuse of discretion, as the new sentencing judge mechanically reimposed the original sentence without "making any independent reassessment or reevaluation of the sentencing criteria set forth in the Sentencing Code." **Serrano**, 150 A.3d at 474. Accordingly, this Court vacated the judgment of sentence and remanded for resentencing with the direction that the sentencing court "should start afresh" and "reassess the penalty to be imposed." **Id.** at 475 (citation omitted).

We fail to see how **Serrano** compels the result that Wooden seeks here, that is, a new sentencing hearing to reassess the length of his imprisonment

simply because his sex offender reporting requirements were imposed under Megan's Law. First, **Serrano** involved a defendant who needed to be resentence because his term of incarceration was illegal under **Alleyne**. Here, in contrast, Wooden has not alleged that the trial court committed any error in sentencing to him serve 20 to 40 years' imprisonment.

Second, this Court has described reporting requirements as being "an authorized punitive measure separate and apart" from a defendant's term of incarceration. **See Commonwealth v. Strafford**, 194 A.3d 168, 173 (Pa. Super. 2018). This being the case, under factually similar scenarios where this Court has found error in reporting requirements but not in the term of incarceration, the remedy is to vacate that portion of the sentence that imposes an illegal reporting requirement without the need for a new sentencing hearing. **See**, **e.g.**, **Commonwealth v. Luciani**, 201 A.3d 802, 807-08 (Pa. Super. 2018) (finding trial court erred in imposing Megan's Law III reporting requirements and remanding to trial court limited to determining what, if any, reporting requirements applied to the defendant under current law). Thus, we find that Wooden is not entitled to a new sentencing hearing, as the trial court properly corrected his sex offender reporting requirements without needed to reassess his term of incarceration.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2022